**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WENDY CHACON, on behalf of herself and all other similar situated, <br>　　　　Plaintiff, <br>　　v. <br>KOVITZ SHIFRIN NESBIT, an Illinois Professional Corporation, <br>　　　　Defendant. | Case No. 1:17-CV-2766 <br><br> Judge |

**CLASS ACTION COMPLAINT**

Plaintiff WENDY CHACON ("Chacon"), by and through her attorney, Kenneth M. DucDuong of KMD Law Office, and for her Complaint against Defendant KOVITZ SHIFRIN NESBIT, P.C. ("Kovitz") to obtain damages, costs of suit, and other suitable relief from Defendant, for its violations of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §1692 *et seq.*, states and alleges as follows:

**JURISDICTION AND VENUE**

1.　　This court has original jurisdiction in this action by virtue of 28 U.S.C. §1331 because the matter in dispute involves a federal law arising under the FDCPA, 15 U.S.C. §1692(k).

2.　　Venue is proper in this District under 28 U.S.C. §1391(b) because the allegations herein relate to Defendant's transactions in this District, and its infliction of tortious injury on Plaintiff in the State of Illinois.

3.　　Defendant is located or conducts business with consumers like Plaintiff in this District.

**PARTIES**

- 1 -

4.      Plaintiff is a resident of the state of Illinois and resides in Illinois.

5.      Plaintiff is a "consumer" under the FDCPA.

6.      The alleged debt that Kovitz attempted to collect from Plaintiff is a consumer debt because it arose from the homeowner's assessment of Plaintiff's residence and therefore the debt are for her personal, household or family purposes as that term is defined under §1692a(5) of the FDCPA.

7.      Kovitz is a professional corporation, a debt collection law firm, and is incorporated under the laws of Illinois. Kovitz maintains its principal office at 175 N. Archer Ave., Mundelein, IL 60060.

8.      Kovitz regularly engages in the business of collection of debts, purportedly owed to third parties by consumers through correspondence and phone calls and, therefore, is a "debt collector" as that term is defined under §1692a(6) of the FDCPA.

**INTRODUCTION**

9.      Kovitz is a law firm that billed itself as "The Condo Law Firm." In fact, their practice largely consists of nothing more than preying upon unsuspecting consumer homeowners, conjuring up nonexistent issues, and then attempting to extort monies that benefit no one but themselves through payments of their lawsuits.

10.      This action challenges the illegal and grossly unfair and egregious business practices of Kovitz.

11.      Kovitz's collection scheme is essentially parasitic: It takes over the delinquent accounts of individual members of homeowner's associations and then extorts unconscionable fees from delinquent homeowners – for its own fees that the homeowners do not owe.

- 2 -

12.     Kovitz gains control of homeowner accounts by offering collection services and requires the homeowners or condominium associations stop communicating with the homeowners and cede control and oversight over the delinquent accounts to Kovitz.

13.     Once Kovitz takes over an account, it gouges the homeowners by piling on fees upon fees and other charges that often exceed many times the amount of the delinquency while refusing to allow homeowners to pay their actual assessment amount without first paying Kovitz its own fees.

14.     Through these practices, which are similar to a payday loan agency charging exorbitant interest rates and other junk charges well in excess of the value of a small loan, Kovitz puts financially distressed and vulnerable homeowners in a spiral of debt from which they cannot escape.

15.     Plaintiff's experience is a prime and typical example of Kovitz's egregious collection practices.

16.     In January of 2017, Plaintiff promptly attempted to pay the allegedly delinquent assessments and late charges, but those payments were returned to her at Kovitz's instructions.

17.     When Plaintiff attempted to make payment the second time in March of 2017, Kovitz promptly rejected it, demanded immediate payment, and the very next day, prepared and filed a forcible entry and detainer lawsuit against Plaintiff, claiming that she had "refused" to make payments.

18.     Like a stock broker who repeatedly churns her client accounts in order to generate her own commission fees, the reason that Kovitz was quick to file forcible entry and detainer lawsuits is grounded in a simple economics: The quicker it files forcible entry

- 3 -

and detainer lawsuits, the quicker the turnover of its fees, and the more profit per delinquent account it can generate.

19.     Unlike a typical collection lawsuit of a delinquent credit card account, however, a forcible entry and detainer lawsuit with the available remedy of a sheriff's eviction of homeowners out of their own homes exacts an inexorable and powerful pressure on homeowner defendants, often leaving them no alternative but submitting to Kovitz's unreasonable demand.

20.     It is a basic principle that a creditor or debt collector cannot demand payment of penalties or fees from a debtor without a legal basis – whether under contract or statute – for doing so.

21.     Homeowner's associations often have a financial incentive to comparison shop for a reasonably priced debt collection service. Kovitz upends this economic scheme by offering homeowners and condominium associations "free" collection services and then directly charging captive homeowners whatever fees it chooses.

22.     As a result of Kovitz's conduct alleged herein, Kovitz has reaped significant profits, and Plaintiff and the members of the class have suffered actual damages.

23.     Plaintiff, on behalf of herself and the class, seeks damages from Kovitz and puts an end to its predatory collection practices.

**CLASS ALLEGATIONS**

24.     Plaintiff brings this lawsuit on behalf of herself and all other persons similarly situated under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

25.     Beginning at least as early as in 1983 or thereabout, the exact date and year

- 4 -

being unknown to Plaintiff, and continuing to the present, Kovitz represents hundreds and thousands of homeowners and condominium associations like Plaintiff's Association.

26.     As part of Kovitz's debt collection practice, Defendant regularly sends consumers' form collection letters, and dun consumers by telephone calls and e-mail, which violated the Act.

27.     This action is brought and may properly be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

28.     This action satisfies the numerosity, predominance, typicality, adequacy, and/or superiority requirements of those provisions.  Plaintiff does not know the exact size of the class. Such information is in Kovitz's possession due to the nature of the trade and business involved, and the fact that Kovitz regularly represented creditors and condominium and homeowner associations.

29.     Common questions of law and fact exist as to all members of the class and predominate over any questions affecting individual members of the class, including Plaintiff, including but not limited to:

      a.  Whether Kovitz's form Collection Letter violated §§1692g, 1692e, and 1692f of the FDCPA;

      b.  Whether Kovitz's boiler-plate collection complaint violated §§1692f and 1692e of the FDCPA; and

      c.  Whether Defendant's standard debt collection practice generally violated the FDCPA.

30.     The Class is comprised of all persons who, according to Kovitz's record, meet the following criteria, subject to amendment as appropriate:

**Count I Class**

The class consists of (a) individual(s) who own(s) a unit property within an homeowner's association governed by or formed under the Illinois Common Interest Community Association Act, 765 ILCS 160/1 *et seq*., (b) who received a form collection letter similar to Plaintiff's form Collection Letter, and whose collection letters were not returned by the United States Postal Service as undelivered or undeliverable.

The class period is between September 17, 2016 and April 12, 2017, the date of filing of this action.

Excluded from the Class are Kovitz, any entity in which Kovitz has a controlling interest, any officers or directors of Kovitz, the legal representative, heirs, successors, and assigns of Kovitz, and any Judge assigned to this action, and his or her family.

**Count II Class:**

The class consists of (a) individual(s) who own(s) a unit property within a homeowner's association governed by or formed under the Illinois Common Interest Community Association Act, 765 ILCS 160/1 *et seq*., (b) was sued by Kovitz in an attempt to collect a debt for assessment, and whose lawsuits contained substantially similar, or identical to the allegations in Plaintiff's State Action.

The class period is between September 17, 2016 and April 12, 2017, the date of filing of this action.

Excluded from the Class are Kovitz, any entity in which Kovitz has a controlling interest, any officers or directors of Kovitz, the legal representative, heirs, successors, and assigns of Kovitz, and any Judge assigned to this action, and his or her family.

## FACTS

31.     On January 25, 2017, Plaintiff is a unit owner who owns a residential unit property within Marquette's Landing Homeowners' Association (the "Association").

32.     The Association is formed under or governed by the Illinois Common Interest Community Association Act, 765 ILCS 160/1 *et seq*. (the "CICAA").

33.     Kovitz helped draft the Association's 2016 Amended Declarations and

Bylaws and recorded it in the Will County Recorder's Office on December 16, 2016.

34.     Thus, Kovitz had intimate familiarity with or knowledge of the provisions of

the Association's 2016 Amended Declarations, Bylaws, and Rules and Regulations.

35.     Section 6.1 of the Association's 2016 Amended Declarations states, in

pertinent part:

> 6.1 <u>Delinquency</u>. Any assessment provided for in this Declaration which is not paid when due, shall be delinquent. With respect to each assessment not paid within fifteen (15) days after its due date, the Association may, at its election, require the Owner to pay a "late charge" in a sum to be determined by the Association and applied uniformly. If any such assessment is not paid within thirty (30) days after the delinquency date, the assessment shall bear interest from the date of delinquency at the highest rate permitted by Illinois law, and the Association may, at its option, bring an action at law against the Owner personally obligated to pay the same, or foreclose the lien (provided for in Section 5.1 hereof) against the Lot, and there shall be added to the amount of such assessment the late charge, the costs of preparing and filing a Complaint and such action and reasonable attorney's fees, and in the event a judgment is obtained, such judgment shall include interest together with the costs of bringing the action.

36.     On or about January 25, 2017, Kovitz mailed Plaintiff an initial "Notice and

Demand" letter (the "Collection Letter") demanding payment of $221.61 "for your

proportionate share of the expenses of administration, maintenance and repairs of the

common elements/areas and other expenses lawfully agreed upon due and owing for the

period November 1, 2016 to January 26, 2017" plus $321.92 "in legal fees and costs in

attempting to collect this account" for a total of $543.54. (*See* Exhibit 1)

37.     The Collection Letter is a form collection letter that Kovitz used for hundreds

and thousands of its delinquent accounts.

38.     The Association had no governing documents that authorize charging a $15

late fee for unpaid assessment.

39.     Plaintiff disputed the amount demanded in the Collection Letter, including

late charges and other charges.

40.     Nevertheless, in January, 2017, Plaintiff made two payments—one check in the amount of $98.96 and the other check in the amount of $47.66—for a total of $146.62.

41.     Plaintiff's payments of $146.62 represents the full payment of Plaintiff's assessment *including* the disputed late fees through January 31, 2017. (*See* Exhibit 2) (the "January 20, 2017 statement")

42.     The Association received Plaintiff's payments of $146.62.

43.     Although Plaintiff's two payments of $146.62 represented the *full payment* through January 31, 2017, Kovitz instructed that Property Specialists, Inc., a property manager for Plaintiff's Association, reject and return Plaintiff's checks. (*See* Exhibit 3)

44.     When Plaintiff complained of the excessive fees and costs, Kovitz claimed that the $321.92 amount in "fees and costs" demanded in the Collection Letter are uniform fees, purportedly consisted of:

> $185.50 – Preparation of Notice and Demand [of the form Collection Letter]
>
> $77.00 – Tract Book Search
>
> $53.00 – Bankruptcy Search
>
> $6.42 – Postage

45.     On or about March 3, 2017, Plaintiff's attorney, Kenneth M. DucDuong, sent a letter (the "March 3, 2017 Letter") to Kovitz along with Plaintiff's check in the amount of $186.62 for her alleged overdue homeowner's assessments and charges while disputing other charges. (*See* Exhibit 4).

46.     Kovitz received the March 3, 2017 Letter.

47.     In the March 3, 2017 Letter, Mr. DucDuong also advised Kovitz that he was

representing Plaintiff with respect to the allegedly unpaid assessments. (Exhibit 4)

48.     After receiving the March 3, 2017 Letter, on March 8, 2017, Kovitz immediately communicated *directly* to Plaintiff by e-mail and informed her that it rejected Plaintiff's payment of $186.62. (*See* Exhibit 5)

49.     Kovitz then sent a letter returning Plaintiff's $186.62 check, again, *directly* to Plaintiff, and demanded, "We must receive payment ***in full* <u>immediately</u>**." (*See* Exhibit 6) (Bold/italics/underlines emphases in original).

50.     The very next day, March 9, 2017, Kovitz prepared and then filed a forcible entry and detainer lawsuit against Plaintiff in the Twelfth Judicial Circuit Court of Will County, captioned *Marquette's Landing Homeowners Association v. Wendy Chacon and all unknown occupants*, Case No. 2017 LM 597 (the "State Action"). (*See* Exhibit 7).

51.     Kovitz never provided Plaintiff verification of the disputed debt.

52.     Kovitz had standard policies and collection practices of uniformly rejecting payments from consumer debtors like Plaintiff so that it can pile fees upon fees to enrich itself.

53.     Kovitz had standard policies and collection practices of not providing verification of a disputed debt.

54.     Kovitz had standard policies and collection practices of charging a set of uniform fees for all of its collection letters and eviction lawsuits.

55.     As a result, in order to turn a profit, Kovitz had a strong financial incentive to file forcible lawsuits *en mass*, which are generally prepared and drafted by non-attorney employees using form templates merged with collection account data it received, with little or no review by an attorney.

56. Kovitz' unilateral rejection of Plaintiff's payment of $146.62 for her assessments (as of the end of January, 2017) and, again, her payment in the amount of $186.62 on March 8, 2017 was for the sole purpose of adding unfair and excessive attorney's fees and costs (in the State Action) so as to enrich itself.

## COUNT I
### VIOLATION OF §§1692g, 1692e, 1692f OF THE FDCPA

57. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 56 as if fully set forth in this paragraph.

58. Count I is brought as a class action.

59. Under § 1692g of the FDCPA, a collection letter must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the reasonably unsophisticated consumer.

60. Kovitz's Collection Letter sent to Plaintiff states in part:

* * *

Payment should be **made payable to Marquette's Landing Homeowners Association** and sent to our law firm, Kovitz Shifrin Nesbit, 175 N. Archer Avenue, Mundelein, IL 60060. Please reference our file # on your payment. *Only full payment of all amounts demanded in this notice will invalidate the demand, unless the person claiming possession, or his or her agent or attorney, agrees in writing to withdraw the demand in exchange for receiving partial payment.* (Italics emphasis added)

* * *

61. Section 1-30(h) of the CICAA provides:

(h) Other than attorney's fees and court or arbitration costs, no fees pertaining to the collection of a member's or unit owner's financial obligation to the association, including fees charged by a manager or managing agent, shall be added to and deemed a part of a member's or unit owner's respective share of the common expenses unless: (i) the managing agent fees

- 10 -

relate to the costs to collect common expenses for the association; (ii) the fees are set forth in a contract between the managing agent and the association; and (iii) the authority to add the management fees to a member's or unit owner's respective share of the common expenses is specifically stated in the declaration, bylaws, or operating agreement of the association.

735 ILCS 160/1-30(h).

62.     By demanding full payment, Kovitz's Collection Letter confounded, overshadowed, eviscerated, and incorrectly set forth the requirements under the Illinois Forcible Entry and Detainer Act, 735 ILCS 5/9-101 *et seq*., in violation of §§1692g, 1692e, and 1692f of the FDCPA.

63.     Kovitz's standard debt collection practice of not verifying disputed purported debt violated §1692g(b) of the FDCPA.

64.     Further, in the Collection Letter, Kovitz attempted to collect an amount, including other charges, that were not permitted or authorized under the CICAA or contract, in violation of §§1692e(2) and 1692f(1) and the general prohibition under §§1692e and 1692f.

WHEREFORE, Plaintiff Wendy Chacon, on behalf of herself and all others similarly situated, respectfully prays that this Honorable Court enter a judgment in her favor, and against Defendant, Kovitz Shifrin Nesbit, P.C., as follows:

A.     For an award of statutory damages as permitted under §1692k(a)(2);

B.     For reimbursement of her attorney fees and expenses pursuant to §1692k(a)(3); and

C.     For such other or further relief as this Court deems just and equitable.

## COUNT II
VIOLATIONS OF §§1692e, 1692e(2), (3), and (10), 1692f and 1692f(1) OF THE FDCPA

- 11 -

65. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 56 as if fully set forth in this paragraph.

66. Count II is brought on a class wide basis with respect to the State Action complaint.

67. The FDCPA broadly applies to all consumer collection practices, including litigation activities of debt collectors in court. *See Heintz v. Jenkins*, 514 U.S. 291 (1995); *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 2016 WL 4651403 (7th Cir. September 7, 2016) (collecting cases; holding and agreeing with the reasoning of sister circuits that "pleadings or filings in court can fall within the FDCPA").

68. As part of its standard debt collection practices, Kovitz routinely used form debt collection letters (similar to Plaintiff's Collection Letter) and form collection complaint templates (that are similar to Plaintiff's State Action lawsuit) that were not subject to any meaningful review by any attorney, but instead were generated *en masse* by non-attorney employees at Kovitz, using word-processing templates and account data merged into those templates electronically to create finished documents.

69. The State Action is a form collection complaint template that Kovitz used for hundreds and thousands of its forcible entry and detainer lawsuits it filed in the state of Illinois.

70. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(2) The false representation of—

- 12 -

(A) the character, amount, or legal status of any debt; or
(B) any services rendered or compensation which may be lawfully
received by any debt collector for the collection of a debt . . .

(3) The false representation or implication that any individual is an attorney
or that any communication is from an attorney.

(10) The use of any false representation or deceptive means to collect or
attempt to collect any debt or to obtain information concerning a consumer . .
.

15 U.S.C. §§1692e(2), (3), and (10).

71.     Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or
attempt to collect any debt. Without limiting the general application of the
foregoing, the following conduct is a violation of this section:

* * *

15 U.S.C. §1692f(1).

72.     Section 1692h provides:

If any consumer owes multiple debts and makes any single payment to any
debt collector with respect to such debts, such debt collector may not apply
such payment to any debt which is disputed by the consumer and, where
applicable, shall apply such payment in accordance with the consumer's
directions.

15 U.S.C. §1692h.

73.     In the State Action, Kovitz alleged in paragraph 7 in part as follows:

7.  Despite Plaintiff's demand upon defendants, defendants have failed and
refused and continue to fail and refuse to pay to plaintiff the aforementioned
amounts [itemized in paragraph 6].  . . .

(*See* Exhibit 7 para. 7)

74.     In the State Action, Kovitz alleged in paragraph 9 as follows:

9.  Plaintiff has credited any and all payments received from defendants to
the unpaid balance of defendants' account in accordance with Section 9-
106.1 of the Illinois Code of Civil Procedure, 735 ILCS 5/9-106.1.

- 13 -

(*Id.* para. 9)

75.     In the State Action, Kovitz alleged in paragraph 10 as follows:

10.  There is due to plaintiff from defendants, after deducting all payments made to date by said defendants, the sum of $1,390.28, plus costs, interest and attorney's fees.

(*Id.* para. 10).

76.     These form allegations in paragraphs 7, 9, and 10 in the State Action were misleading and false, designed to mislead and conceal the state court the fact that it was Kovitz's own unilateral decision to reject Plaintiff's payments, not her refusal to pay, thus giving a false impression that Plaintiff has refused to pay.

77.     The allegations in paragraphs 7, 9, and 10, among other allegations in the State Action, were boiler-plate or form allegations that Kovitz's non-attorney employees uniformly generated using word-processing templates for all of its collection lawsuits, without regard of individual facts of the particular case.

78.     Kovitz has a standard collection practice, in which its non-attorney employees unilaterally and uniformly rejected payments from consumer debtors like Plaintiff so as to allow it to pile up fees upon fees to enrich itself.

79.     Kovitz's unilateral refusal to accept Plaintiff's payments in January, 2017 and again in March, 2017 violated §§1692h and 1692f of the FDCPA.

80.     Based on the above allegations, Kovitz violated the general prohibition against unfair or unconscionable debt collection practices under §§1692e, 1692e(2), (3), and (10), 1692f and 1692f(1), and 1692h of the FDCPA.

WHEREFORE, Plaintiff Wendy Chacon, on behalf of herself and all others similarly situated, respectfully prays that this Honorable Court enter a judgment in her favor, and

against Defendant, Kovitz Shifrin Nesbit, P.C., as follows:

    A.   For an award of statutory damages as permitted under §1692k(a)(2);

    B.   For reimbursement of her attorney fees and expenses pursuant to §1692k(a)(3);
and

    C.   For such other or further relief as this Court deems just and equitable.

**COUNT III**
VIOLATIONS OF §§1692c(2), 1692e, 1692f, AND 1692h OF THE FDCPA

81.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 56 as if fully set forth in this paragraph.

82.    Count III is brought on an individual basis.

83.    Section 1692c(2) provides that:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—
>
> (2) If the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

15 U.S.C. §1692c(2).

84.    On or about March 8, 2017, Kovitz had no prior permission or consent from Plaintiff or her attorney when it communicated by e-mail directly to Plaintiff, in violation of §1692c(2).

85.    On or about March 8, 2017, Kovitz had no prior permission or consent from Plaintiff or her attorney when it communicated by letter directly to Plaintiff, in violation of §1692c(2).

86.     Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

* * *

(2) The false representation of—

(A) the character, amount, or legal status of any debt; or
(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt . . .

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . .

15 U.S.C. §§1692e(2) and (10).

87.     Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. §1692f(1).

88.     In its Collection Letter, Kovitz attempted to collect an amount, including charges that were not permitted or authorized by the CICAA, 735 ILCS 160/1-30(h) or contract, in violation of §§1692f and 1692f(1) of the FDCPA.

89.     Section 3-603 of the Uniform Commercial Code provides:

§ 3-603. Tender of Payment.

- 16 -

(a) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.

(b) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.

(c) If tender of payment of an amount due on an instrument is made to a person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If presentment is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument.

U.C.C. §3-603.

90.     Similarly, section 3-603 of the Illinois Uniform Commercial Code has a

substantially similar, if not identical, provision that states:

Sec. 3-603. Tender of payment.

(a) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.

(b) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.

(c) If tender of payment of an amount due on an instrument is made to the person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If presentment is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument.
(Source: P.A. 87-582.)

810 ILCS 5/3-603.

91.     Section 1692h provides:

> If any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, such debt collector may not apply such payment to any debt which is disputed by the consumer and, where applicable, shall apply such payment in accordance with the consumer's directions.

15 U.S.C. §1692h.

92.     The Collection Letter states:

> If you want to resolve this matter without a lawsuit, you must, by March 3, 2017, either pay $543.52, or call Adam Bailey at (847) 537-0983 or e-mail Adam Bailey at akb@ksnlaw.com and work out arrangements for payment. If you do neither of these things, we will be entitled to file a lawsuit against you for the collection of this debt, and possession of the premises under Article IX of the Illinois Code of Civil Procedure, 735 ILCS 5/9-102, 9-104.1 after March 3, 2017.

*See* Exhibit 1.

93.     Prior to Kovitz filing the State Action, Plaintiff and her counsel contacted Kovitz with respect to the alleged debt demanded in the Collection Letter.

94.     Kovitz's standard policy and collection practices, in which its non-attorney employees unilaterally and uniformly rejected payments from consumer debtors like Plaintiff and quickly filed forcible lawsuits, were designed to maximize fees by piling up fees upon fees to enrich itself.

95.     Kovitz's unilateral refusal to accept Plaintiff's payments in January, 2017 and again in March, 2017, violated UCC § 3-603 and 810 ILCS 5/3-603, and collection of amount it was not entitled by law or contract violated §§1692h, 1692e, and 1692f of the FDCPA.

96.     Based on the above allegations, Kovitz violated the general prohibition against unfair or unconscionable debt collection practices under §§1692e, 1692e(2), and (10), 1692f and 1692f(1), and 1692h of the FDCPA.

- 18 -

WHEREFORE, Plaintiff Wendy Chacon respectfully prays that this Honorable Court enter a judgment in her favor, and against Defendant, Kovitz Shifrin Nesbit, P.C., as follows:

A.  For an award of  actual and statutory damages as permitted under §1692k(a)(1) and (2);

B.  For reimbursement of her attorney fees and expenses pursuant to §1692k(a)(3); and

C.  For such other or further relief as this Court deems just and equitable.

Respectfully Submitted,

By: s/Kenneth M. DucDuong
      Attorney for Plaintiff

*Counsel for Plaintiff*:

Kenneth M. DucDuong
KMD LAW OFFICE
4001 West Devon Avenue, Suite 332
Chicago, IL 60646
Tel.: 312.997.5959
E-Mail: kducduong@kmdlex.com

## <u>JURY DEMANDED</u>

Plaintiff demands trial by jury on all issues triable.

Respectfully Submitted,

By:  <u>*s/ Kenneth M. DucDuong*</u>
Kenneth M. DucDuong
One of Plaintiff's Attorneys

*Counsel for Plaintiff*:

Kenneth M. DucDuong
KMD LAW OFFICE
4001 West Devon Avenue, Suite 332
Chicago, IL 60646
Tel.: 312.997.5959
E-Mail: kducduong@kmdlex.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take affirmative steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: *s/ Kenneth M. DucDuong*
       Kenneth M. DucDuong
       One of Plaintiff's Attorneys

## ATTORNEY LIEN

Plaintiff has assigned to her counsel as her attorney's lien all fees and costs permitted and assignable under the laws.

By: *s/ Kenneth M. DucDuong*
Kenneth M. DucDuong
One of Plaintiff's Attorneys

*Counsel for Plaintiff*:

Kenneth M. DucDuong
KMD LAW OFFICE
4001 West Devon Avenue, Suite 332
Chicago, IL 60646
Tel.: 312.997.5959
E-Mail: kducduong@kmdlex.com