**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **WENDY CHACON, on behalf of herself and all other similar situated,** ) | |
| ) | **No. 17-CV-2766** |
| **Plaintiff,** ) | |
| ) | **Judge Robert M. Dow, Jr.** |
| **v.** ) | |
| ) | **Magistrate Judge M. David Weisman** |
| **KOVITZ SHIFRIN NESBIT, an Illinois Professional Corporation,** ) | |
| ) | |
| **Defendant.** ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S
CLASS ACTION COMPLAINT**

Defendant, Kovitz Shifrin Nesbit, a Professional Corporation ("Defendant"), through its

attorneys, answers Plaintiff's class-action complaint as follows:

1.      This court has original jurisdiction in this action by virtue of 28 U.S.C. §1331 because the matter in dispute involves a federal law arising under the FDCPA, 15 U.S.C. §1692(k).

**ANSWER:**      Defendant admits that Plaintiff asserts claims under federal law.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the

remaining allegations in paragraph 1.

2.      Venue is proper in this District under 28 U.S.C. §1391(b) because the allegations herein relate to Defendant's transactions in this District, and its infliction of tortious injury on Plaintiff in the State of Illinois.

**ANSWER:**      Defendant admits that, because Plaintiff alleges events or omissions

occurring in this District, venue is proper.  Defendant does not contest venue.  Defendant denies

any remaining allegations in paragraph 2.

3.      Defendant is located or conducts business with consumers like Plaintiff in this District.

**ANSWER:** Defendant admits that it is located within this District. Defendant admits that, in addition to providing other legal services in this District, Defendant regularly collects debts owed to third parties. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 3.

4. Plaintiff is a resident of the state of Illinois and resides in Illinois.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4.

5. Plaintiff is a "consumer" under the FDCPA.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5.

6. The alleged debt that Kovitz attempted to collect from Plaintiff is a consumer debt because it arose from the homeowner's assessment of Plaintiff's residence and therefore the debt are for her personal, household or family purposes as that term is defined under §1692a(5) of the FDCPA.

**ANSWER:** Defendant admits that Plaintiff's debt arose from unpaid homeowner's assessments. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 6.

7. Kovitz is a professional corporation, a debt collection law firm, and is incorporated under the laws of Illinois. Kovitz maintains its principal office at 175 N. Archer Ave., Mundelein, IL 60060.

**ANSWER:** Defendant admits that it is a professional corporation, incorporated under Illinois law, and that Defendant's principal office is located at 175 North Archer Avenue, Mundelein, IL 60060. Defendant admits that, in connection with the collection of certain debts (*i.e.*, debts constituting "consumer debts" under the Fair Debt Collection Practices Act), Defendant is a debt collector under the Fair Debt Collection Practices Act. Defendant lacks

knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 7.

8.      Kovitz regularly engages in the business of collection of debts, purportedly owed to third parties by consumers through correspondence and phone calls and, therefore, is a "debt collector" as that term is defined under §1692a(6) of the FDCPA.

**ANSWER:**      Defendant objects that, because the allegations in paragraph 8 do not identify a specific debt, the term "debt collector" is vague and ambiguous. Defendant admits that, in addition to providing other legal services, Defendant regularly collects purported consumer debts owed to third parties, and that these collection efforts involve correspondence and phone calls. Defendant affirmatively states that, because Defendant regularly collects purported consumer debts owed to third parties, Defendant is, in some instances, a debt collector under section 1692(a)(6) of the Fair Debt Collection Practices Act. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8.

9.      Kovitz is a law firm that billed itself as "The Condo Law Firm." In fact, their practice largely consists of nothing more than preying upon unsuspecting consumer homeowners, conjuring up nonexistent issues, and then attempting to extort monies that benefit no one but themselves through payments of their lawsuits.

**ANSWER:**      Defendant admits that it is a law firm. Defendant admits that, on Defendant's website, Defendant states that Defendant is " 'The Condo Law Firm'." Defendant denies the remaining allegations in paragraph 9.

10.      This action challenges the illegal and grossly unfair and egregious business practices of Kovitz.

**ANSWER:**      Defendant admits that Plaintiff has filed a complaint asserting violations of the Fair Debt Collection Practices Act. Defendant denies the remaining allegations in paragraph 10.

11.     Kovitz's collection scheme is essentially parasitic: It takes over the delinquent accounts of individual members of homeowner's associations and then extorts unconscionable fees from delinquent homeowners—for its own fees that the homeowners do not owe.

**ANSWER:**     Defendant admits that, in addition to providing other legal services,

Defendant collects delinquent debts owed to homeowners' associations.  Defendant denies the

remaining allegations in paragraph 11.

12.     Kovitz gains control of homeowner accounts by offering collection services and requires the homeowners or condominium associations stop communicating with the homeowners and cede control and oversight over the delinquent accounts to Kovitz.

**ANSWER:**     Defendant admits that, in addition to providing other legal services,

Defendant collects delinquent debts owed to homeowners' associations.  Defendant denies the

remaining allegations in paragraph 12.

13.     Once Kovitz takes over an account, it gouges the homeowners by piling on fees upon fees and other charges that often exceed many times the amount of the delinquency while refusing to allow homeowners to pay their actual assessment amount without first paying Kovitz its own fees.

**ANSWER:**     Defendant admits that, in addition to providing other legal services,

Defendant collects delinquent debts owed to homeowner's associations.  Defendant admits that,

at the direction of the homeowners' association, Defendant, in some instances, rather than accept

partial payment on a delinquent account, requires the debtor to pay the account in full, including

attorneys' fees.  Defendant denies the remaining allegations in paragraph 13.

14.     Through these practices, which are similar to a payday loan agency charging exorbitant interest rates and other junk charges well in excess of the value of a small loan, Kovitz puts financially distressed and vulnerable homeowners in a spiral of debt from which they cannot escape.

**ANSWER:**     Defendant denies the allegations in paragraph 14.

15.     Plaintiff's experience is a prime and typical example of Kovitz's egregious collection practices.

**ANSWER:**     Defendant denies the allegations in paragraph 15.

4

16.    In January of 2017, Plaintiff promptly attempted to pay the allegedly delinquent assessments and late charges, but those payments were returned to her at Kovitz's instructions.

**ANSWER:**    Defendant admits that Marquette's Landing Homeowners Association declined to accept partial payment from Plaintiff.  Defendant denies the remaining allegations in paragraph 16.

17.    When Plaintiff attempted to make payment the second time in March of 2017, Kovitz promptly rejected it, demanded immediate payment, and the very next day, prepared and filed a forcible entry and detainer lawsuit against Plaintiff, claiming that she had "refused" to make payments.

**ANSWER:**    Defendant admits that, in March 2017, Plaintiff attempted to submit partial payment directly to Defendant.  Defendant admits that, on March 8, 2017, Defendant sent Plaintiff a letter, returning Plaintiff's partial payment, and once again requesting immediate payment of the full balance of Plaintiff's account.  Defendant admits that, because Plaintiff had failed to make full payment, Defendant filed, on March 15, a forcible-entry-and-detainer lawsuit against Plaintiff, seeking to collect on Plaintiff's overdue account.  Defendant admits that, in paragraphs 6 and 7 of the forcible-entry-and-detainer complaint, Defendant sets out the total amount outstanding on Plaintiff's account, and then states that Plaintiff has "failed and refused and continue[s] to fail and refuse to pay…the aforementioned amount[]."  Defendant denies the remaining allegations in paragraph 16.

18.    Like a stock broker who repeatedly churns her client accounts in order to generate her own commission fees, the reason that Kovitz was quick to file forcible entry and detainer lawsuits is grounded in a simple economics: The quicker it files forcible entry and detainer lawsuits, the quicker the turnover of its fees, and the more profit per delinquent account it can generate.

**ANSWER:**    Defendant denies the allegations in paragraph 18.

19.    Unlike a typical collection lawsuit of a delinquent credit card account, however, a forcible entry and detainer lawsuit with the available remedy of a sheriff's eviction of homeowners out of their own homes exacts an inexorable and powerful pressure on homeowner defendants, often leaving them no alternative but submitting to Kovitz's unreasonable demand.

**ANSWER:** Defendant admits that, if a debtor fails to pay his or her homeowners' assessments, the Illinois Forcible Entry and Detainer Act provides for eviction as a remedy. Defendant objects that, because the allegation about "typical collection lawsuit of a delinquent credit card account" does not identify any specific collection lawsuits, the phrase "typical collection lawsuit of a delinquent credit card account" is vague and ambiguous. Defendant objects that, because this case does not involve a credit-card debt, the allegations about a "typical collection lawsuit of a delinquent credit card account" are irrelevant. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation about a "typical collection lawsuit of a delinquent credit card account." Defendant denies the remaining allegations in paragraph 19.

20.     It is a basic principle that a creditor or debt collector cannot demand payment of penalties or fees from a debtor without a legal basis—whether under contract or statute—for doing so.

**ANSWER:** Defendant admits that a creditor or debt collector cannot demand penalties or fees from a debtor without a legal basis for doing so. Defendant denies any remaining allegations in paragraph 20.

21.     Homeowner's associations often have a financial incentive to comparison shop for a reasonably priced debt collection service. Kovitz upends this economic scheme by offering homeowners and condominium associations "free" collection services and then directly charging captive homeowners whatever fees it chooses.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 21. Defendant denies the allegations in the second sentence of paragraph 21.

22.     As a result of Kovitz's conduct alleged herein, Kovitz has reaped significant profits, and Plaintiff and the members of the class have suffered actual damages.

**ANSWER:** Defendant denies the allegations in paragraph 22.

6

23. Plaintiff, on behalf of herself and the class, seeks damages from Kovitz and puts [*sic*] an end to its predatory collection practices.

**ANSWER:** Defendant admits that Plaintiff has filed a lawsuit, and that Plaintiff seeks

class certification under Rule 23 of the Federal Rules of Civil Procedure. Defendant denies that,

under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate.

Defendant denies any remaining allegations in paragraph 23.

24. Plaintiff brings this lawsuit on behalf of herself and all other persons similarly situated under Rules 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

**ANSWER:** Defendant admits that Plaintiff has filed a lawsuit, and that Plaintiff seeks

class certification under Rule 23 of the Federal Rules of Civil Procedure. Defendant denies that,

under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate.

Defendant denies any remaining allegations in paragraph 24.

25. Beginning at least as early as in 1983 or thereabout, the exact date and year being unknown to Plaintiff, and continuing to the present, Kovitz represents hundreds and thousands of homeowners and condominium associations like Plaintiff's Association.

**ANSWER:** Defendant admits that, since 1983, Defendant has represented thousands

of associations. Defendant lacks knowledge or information sufficient to form a belief about the

truth of the remaining allegations in paragraph 25.

26. As part of Kovitz's debt collection practice, Defendant regularly sends consumers' form collection letters, and dun [*sic*] consumers by telephone calls and e-mail, which violated the Act.

**ANSWER:** Defendant denies the allegations in paragraph 26.

27. This action is brought and may properly be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**ANSWER:** Defendant admits that Plaintiff has filed a lawsuit, and that Plaintiff seeks

class certification under Rule 23 of the Federal Rules of Civil Procedure. Defendant denies that,

under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate.

Defendant denies any remaining allegations in paragraph 27.

28.     This action satisfies the numerosity, predominance, typicality, adequacy, and/or superiority requirements of those provisions. Plaintiff does not know the exact size of the class. Such information is in Kovitz's possession due to the nature of the trade and business involved, and the fact that Kovitz regularly represented creditors and condominium and homeowner associations.

**ANSWER:**     Defendant denies that, under Rule 23 of the Federal Rules of Civil

Procedure, class certification is appropriate.  Defendant denies the remaining allegations in

paragraph 28.

29.     Common questions of law and fact exist as to all members of the class and predominate over any questions affecting individual members of the class, including Plaintiff, including but not limited to:

a.     Whether Kovitz's form Collection Letter violated §§1692g, 1692e, and 1692f of the FDCPA;

b.     Whether Kovitz's boiler-plate collection complaint violated §§1692f and 1692e of the FDCPA; and

c.     Whether Defendant's standard debt collection practice generally violated the FDCPA.

**ANSWER:**     Defendant denies that, under Rule 23, class certification is appropriate.

Defendant denies the allegations in paragraph 29.

30.     The Class is comprised of all persons who, according to Kovitz's record, meet the following criteria, subject to amendment as appropriate:

**Count I Class**

The class consists of (a) individual(s) who own(s) a unit property within an homeowner's association governed by or formed under the Illinois Common Interest Community Association Act, 765 ILCS 160/1 et seq., (b) who received a form collection letter similar to Plaintiff's form Collection Letter, and whose collection letters were not returned by the United States Postal Service as undelivered or undeliverable.

The class period is between September 17, 2016 and April 12, 2017, the date of filing of this action.

8

Excluded from the Class are Kovitz, any entity in which Kovitz has a controlling interest, any officers or directors of Kovitz, the legal representative, heirs, successors, and assigns of Kovitz, and any Judge assigned to this action, and his or her family.

**Count II Class:**

The class consists of (a) individual(s) who own(s) a unit property within a homeowner's association governed by or formed under the Illinois Common Interest Community Association Act, 765 ILCS 160/1 et seq., (b) was sued by Kovitz in an attempt to collect a debt for assessment, and whose lawsuits contained substantially similar, or identical to the allegations in Plaintiff's State Action.

The class period is between September 17, 2016 and April 12, 2017, the date of filing of this action.

Excluded from the Class are Kovitz, any entity in which Kovitz has a controlling interest, any officers or directors of Kovitz, the legal representative, heirs, successors, and assigns of Kovitz, and any Judge assigned to this action, and his or her family.

**ANSWER:** Defendant denies the allegations in paragraph 30.

31. On January 25, 2017, Plaintiff is a unit owner who owns a residential unit property within Marquette's Landing Homeowners' Association (the "Association").

**ANSWER:** Defendant admits that, on January 25, 2017, Plaintiff was a unit owner who owned a unit that was part of the Marquette's Landing Homeowners Association. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff's unit was residential.

32. The Association is formed under or governed by the Illinois Common Interest Community Association Act, 765 ILCS 160/1 et seq. (the "CICAA").

**ANSWER:** Defendant admits the allegations in paragraph 32.

33. Kovitz helped draft the Association's 2016 Amended Declarations and Bylaws and recorded it in the Will County Recorder's Office on December 16, 2016.

**ANSWER:** Defendant admits the allegations in paragraph 33.

34. Thus, Kovitz had intimate familiarity with or knowledge of the provisions of the Association's 2016 Amended Declarations, Bylaws, and Rules and Regulations.

**ANSWER:** Defendant admits that it is familiar with the provisions of the amended declaration and bylaws for the Marquette's Landing Homeowners Association. Defendant objects that the words "intimate familiarity" are vague and ambiguous. Defendant lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 34.

35. Section 6.1 of the Association's 2016 Amended Declarations states, in pertinent part:

> 6.1 Delinquency. Any assessment provided for in this Declaration which is not paid when due, shall be delinquent. With respect to each assessment not paid within fifteen (15) days after its due date, the Association may, at its election, require the Owner to pay a "late charge" in a sum to be determined by the Association and applied uniformly. If any such assessment is not paid within thirty (30) days after the delinquency date, the assessment shall bear interest from the date of delinquency at the highest rate permitted by Illinois law, and the Association may, at its option, bring an action at law against the Owner personally obligated to pay the same, or foreclose the lien (provided for in Section 5.1 hereof) against the Lot, and there shall be added to the amount of such assessment the late charge, the costs of preparing and filing a Complaint and such action and reasonable attorney's fees, and in the event a judgment is obtained, such judgment shall include interest together with the costs of bringing the action.

**ANSWER:** Defendant admits that paragraph 35 quotes from section 6.1 of the amended declaration and bylaws for the Marquette's Landing Homeowners Association.

36. On or about January 25, 2017, Kovitz mailed Plaintiff an initial "Notice and Demand" letter (the "Collection Letter") demanding payment of $221.61 [*sic*] "for your proportionate share of the expenses of administration, maintenance and repairs of the common elements/areas and other expenses lawfully agreed upon due and owing for the period November 1, 2016 to January 26 [*sic*], 2017" plus $321.92 "in legal fees and costs in attempting to collect this account" for a total of $543.54. (See Exhibit 1)

**ANSWER:** Defendant admits that, on or about January 25, 2017, Defendant sent Plaintiff a notice. Defendant admits that, in that notice, Defendant states "$221.62 for [Plaintiff's] proportionate share of the expenses and administration, maintenance and repair of the common elements/areas and other expenses lawfully agreed upon [are] due and owing for the

period November 1, 2016 to January 25, 2017, as well as the sum of $321.92 in legal fees and costs in attempting to collect this account, for a total sum of $543.54." Defendant admits that Document 1-1 to Plaintiff's complaint appears to be a copy of that notice. Defendant denies the remaining allegations in paragraph 36.

37.     The Collection Letter is a form collection letter that Kovitz used for hundreds and thousands of its delinquent accounts.

**ANSWER:**     Defendant admits that the notice includes a template that Defendant uses for notices on thousands of delinquent accounts. Defendant denies any remaining allegations in paragraph 37.

38.     The Association had no governing documents that authorize charging a $15 late fee for unpaid assessment.

**ANSWER:**     Defendant denies the allegations in paragraph 38.

39.     Plaintiff disputed the amount demanded in the Collection Letter, including late charges and other charges.

**ANSWER:**     Defendant admits that Plaintiff now disputes the amount demanded in the notice that Defendant sent to Plaintiff. Defendant admits that, on February 17, Plaintiff sent an email to Defendant, requesting a breakdown of the $321.92 in "legal fees and costs" referenced in the notice that Defendant had sent to Plaintiff. Defendant affirmatively states that Defendant sent Plaintiff a response email, identifying the fees and costs included in the $321.92 figure, and identifying the amount of each of those fees and costs. Defendant denies the remaining allegations in paragraph 39.

40.     Nevertheless, in January, 2017, Plaintiff made two payments—one check in the amount of $98.96 and the other check in the amount of $47.66—for a total of $146.62.

**ANSWER:**     Defendant denies the allegations in paragraph 40.

41.     Plaintiff's payments of $146.62 represents [*sic*] the full payment of Plaintiff's assessment *including* the disputed late fees through January 31, 2017. (*See* Exhibit 2) (the "January 20, 2017 statement")

11

**ANSWER:**     Defendant admits that Document 1-2 to Plaintiff's complaint appears to be a redacted copy of an account statement, dated January 20, 2017, listing late charges and fees totaling $146.62.  Defendant denies that, as of January 31, 2017, the assessments and late charges were the only amounts due on Plaintiff's account.  Defendant affirmatively states that the notice attached as Document 1-1 to Plaintiff's complaint identifies additional amounts outstanding as of January 25, 2017.  Defendant denies any remaining allegations in paragraph 41.

42.     The Association received Plaintiff's payments of $146.62.

**ANSWER:**     Defendant lacks knowledge or information sufficient to form a belief about the truth of any remaining allegations in paragraph 42.

43.     Although Plaintiff's two payments of $146.62 represented the full payment through January 31, 2017, Kovitz instructed that Property Specialists, Inc., a property manager for Plaintiff's Association, reject and return Plaintiff's checks. (*See* Exhibit 3)

**ANSWER:**     Defendant denies the allegations in paragraph 43.

44.     When Plaintiff complained of the excessive fees and costs, Kovitz claimed that the $321.92 amount in "fees and costs" demanded in the Collection Letter are uniform fees, purportedly consisted [*sic*] of:

$185.50 – Preparation of Notice and Demand [of the form Collection Letter]

$77.00 – Tract Book Search

$53.00 – Bankruptcy Search

$6.42 – Postage

**ANSWER:**     Defendant admits that, on February 17, Plaintiff sent an email to Defendant, requesting a breakdown of the $321.92 in "legal fees and costs" referenced in the notice that Defendant had sent to Plaintiff.  Defendant affirmatively states that Defendant sent Plaintiff a response email, identifying the fees and costs included in the $321.92 figure, and identifying the amount of each of those fees and costs.  Defendant admits that, in that email,

12

Plaintiff stated that the fees and costs were "$185.50 – Preparation of Notice and Demand[;]
$77.00 – Tract Book Search[;] $53.00 – Bankruptcy Search[; and] $6.42 – Postage."  Defendant
admits that, in that email, Defendant stated that, regardless of the size of the assessment, these
fees and costs are the same.  Defendant denies any remaining allegations in paragraph 44.

45.     On or about March 3, 2017, Plaintiff's attorney, Kenneth M. DucDuong, sent a
letter (the "March 3, 2017 Letter") to Kovitz along with Plaintiffs check in the amount of
$186.62 for her alleged overdue homeowner's assessments and charges while disputing other
charges. (*See* Exhibit 4).

**ANSWER:**     Defendant admits that, around March 8, 2017, Defendant received a check

for $186.62.  Defendant denies that it received a March 3, 2017 letter from Plaintiff's counsel.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the

allegations in paragraph 45.

46.     Kovitz received the March 3, 2017 Letter.

**ANSWER:**     Defendant denies the allegations in paragraph 46.

47.     In the March 3, 2017 Letter, Mr. DucDuong also advised Kovitz that he was
representing Plaintiff with respect to the allegedly unpaid assessments. (Exhibit 4)

**ANSWER:**     Defendant denies that it received a March 3, 2017 letter from Plaintiff's

counsel.  Defendant admits that, in the letter dated March 3, 2017 attached at Document 1-4 to

Plaintiff's complaint, Plaintiff's counsel states that Plaintiff's counsel represents Plaintiff in

connection with Plaintiff's delinquent assessment from the Marquette's Landing Homeowners

Association.  Defendant denies any remaining allegations in paragraph 47.

48.     After receiving the March 3, 2017 Letter, on March 8, 2017, Kovitz immediately
communicated *directly* to Plaintiff by e-mail and informed her that it rejected Plaintiffs payment
of $186.62. (*See* Exhibit 5)

**ANSWER:**     Defendant admits that, on March 8, 2017, Defendant sent Plaintiff an

email, stating that Defendant had received Plaintiff's check and that the check was not for the

full amount owed.  Defendant admits that, in that email, Defendant stated that it was not

authorized to accept partial payment.  Defendant denies the remaining allegations in paragraph 48.

49.     Kovitz then sent a letter returning Plaintiffs $186.62 check, again, directly to Plaintiff, and demanded, "We must receive payment ***in full <u>immediately</u>***." (See Exhibit 6) (Bold/italics/underlines emphases in original).

**<u>ANSWER</u>:**     Defendant admits that, around March 8, 2017, Defendant received a check from Plaintiff in the amount of $186.62, which did not represent payment in full of Plaintiff's account.  Defendant admits that Defendant returned this check to Plaintiff.  Defendant admits that, in addition to returning Plaintiff's check, Defendant sent a letter to Plaintiff stating that Defendant must receive payment in full immediately.  Defendant admits that Document 1-6 to Plaintiff's complaint appears to be a redacted copy of that letter.  Defendant denies any remaining allegations in paragraph 49.

50.     The very next day, March 9, 2017, Kovitz prepared and then filed a forcible entry and detainer lawsuit against Plaintiff in the Twelfth Judicial Circuit Court of Will County, captioned *Marquette's Landing Homeowners Association v. Wendy Chacon and all unknown occupants*, Case No. 2017 LM 597 (the "State Action"). (See Exhibit 7).

**<u>ANSWER</u>:**     Defendant admits that, on March 15, 2017, Defendant filed a forcible-entry-and-detainer action against Plaintiff in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois.  Defendant admits that that complaint in that action was captioned Marquette's Landing Homeowners Association v. Wendy Chacon and All Unknown Occupants, Case No. 17LM597.  Defendant admits that Document 1-7 to Plaintiff's complaint appears to be a copy of the forcible-entry-and-detainer complaint.  Defendant denies any remaining allegations in paragraph 50.

51.     Kovitz never provided Plaintiff verification of the disputed debt.

**<u>ANSWER</u>:**     Defendant denies the allegations in paragraph 51.

52.     Kovitz had standard policies and collection practices of uniformly rejecting payments from consumer debtors like Plaintiff so that it can pile fees upon fees to enrich itself.

**ANSWER:**     Defendant denies the allegations in paragraph 52.

53.     Kovitz had standard policies and collection practices of not providing verification of a disputed debt.

**ANSWER:**     Defendant denies the allegations in paragraph 53.

54.     Kovitz had standard policies and collection practices of charging a set of uniform fees for all of its collection letters and eviction lawsuits.

**ANSWER:     Defendant denies the allegations in paragraph 54.**

55.     As a result, in order to turn a profit, Kovitz had a strong financial incentive to file forcible lawsuits *en mass* [*sic*], which are generally prepared and drafted by non-attorney employees using form templates merged with collection account data it received, with little or no review by an attorney.

**ANSWER:**     Defendant denies the allegations in paragraph 55.

56.     Kovitz' unilateral rejection of Plaintiff's payment of $146.62 for her assessments (as of the end of January, 2017) and, again, her payment in the amount of $186.62 on March 8, 2017 was for the sole purpose of adding unfair and excessive attorney's fees and costs (in the State Action) so as to enrich itself.

**ANSWER:**     Defendant denies the allegations in paragraph 56.

## COUNT I

57.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 56 as if fully set forth in this paragraph.

**ANSWER:**     Defendant restates its answers to those paragraphs.

58.     Count I is brought as a class action.

**ANSWER:**     Defendant admits that Plaintiff has filed a lawsuit, and that Plaintiff seeks

class certification under Rule 23 of the Federal Rules of Civil Procedure.  Defendant denies that,

under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate.

Defendant denies any remaining allegations in paragraph 58.

59.     Under § 1692g of the FDCPA, a collection letter must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the reasonably unsophisticated consumer.

**ANSWER:**     Defendant admits that section 1692g of the Fair Debt Collection Practices Act states, in part, that "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing — (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."  Defendant admits that a debt collector may not include with this notice language that would confuse an "unsophisticated consumer" about the rights identified in the notice.  Defendant admits that, in discussing this prohibition, the Seventh Circuit has used the word "overshadow" and "eviscerate."  Defendant denies any remaining allegations in paragraph 59.

60.     Kovitz's Collection Letter sent to Plaintiff states in part:

* * *

Payment should be **made payable to Marquette's Landing Homeowners Association** and sent to our law firm, Kovitz Shifrin Nesbit, 175 N. Archer Avenue, Mundelein, IL 60060. Please reference our file # on your payment. *Only full payment of all amounts demanded in this notice will invalidate the demand, unless the person claiming possession, or his or her agent or attorney, agrees in writing to withdraw the demand in exchange for receiving partial payment.* (Italics emphasis added)

* * *

**ANSWER:**     Defendant admits that the quoted language appears in the demand letter

sent to Plaintiff.  Defendant denies any remaining allegations in paragraph 60.

61.     Section 1-30(h) of the CICAA provides:

(h) Other than attorney's fees and court or arbitration costs, no fees pertaining to
the collection of a member's or unit owner's financial obligation to the
association, including fees charged by a manager or managing agent, shall be
added to and deemed a part of a member's or unit owner's respective share of the
common expenses unless: (i) the managing agent fees relate to the costs to collect
common expenses for the association; (ii) the fees are set forth in a contract
between the managing agent and the association; and (iii) the authority to add the
management fees to a member's or unit owner's respective share of the common
expenses is specifically stated in the declaration, bylaws, or operating agreement
of the association.

735 [*sic*] ILCS 160/1-30(h).

**ANSWER:**     Defendant admits that paragraph 61 quotes from section 1-30 of the

Common Interest Community Association Act.  Defendant denies any remaining allegations in

paragraph 61.

62.     By demanding full payment, Kovitz's Collection Letter confounded,
overshadowed, eviscerated, and incorrectly set forth the requirements under the Illinois Forcible
Entry and Detainer Act, 735 ILCS 5/9-101 et seq., in violation of §§1692g, 1692e, and 1692f of
the FDCPA.

**ANSWER:**     Defendant denies the allegations in paragraph 62.

63.     Kovitz's standard debt collection practice of not verifying disputed purported debt
violated §1692g(b) of the FDCPA.

**ANSWER:**     Defendant denies the allegations in paragraph 63.

64.     Further, in the Collection Letter, Kovitz attempted to collect an amount, including
other charges, that were not permitted or authorized under the CICAA or contract, in violation of
§§1692e(2) and 1692f(1) and the general prohibition under §§1692e and 1692f.

**ANSWER:**     Defendant denies the allegations in paragraph 64.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in Defendant's favor and against Plaintiff, and award Defendant its costs and such other relief as this Court deems proper.

## COUNT II

65.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 56 as if fully set forth in this paragraph.

**ANSWER:**    Defendant restates its answers to those paragraphs.

66.    Count II is brought on a class wide basis with respect to the State Action complaint.

**ANSWER:**    Defendant admits that Plaintiff has filed a lawsuit, and that Plaintiff seeks class certification under Rule 23 of the Federal Rules of Civil Procedure. Defendant denies that, under Rule 23 of the Federal Rules of Civil Procedure, class certification is appropriate. Defendant denies any remaining allegations in paragraph 66.

67.    The FDCPA broadly applies to all consumer collection practices, including litigation activities of debt collectors in court. *See Heintz v. Jenkins*, 514 U.S. 291 (1995); *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 2016 WL 4651403 (7th Cir. September 7, 2016) (collecting cases; holding and agreeing with the reasoning of sister circuits that "pleadings or filings in court can fall within the FDCPA").

**ANSWER:**    Defendant admits that, as the courts in the cited cases stated, the Fair Debt Collection Practices Act applies to collection activities related to consumer debts, including litigation. Defendant denies any remaining allegations in paragraph 67.

68.    As part of its standard debt collection practices, Kovitz routinely used form debt collection letters (similar to Plaintiffs Collection Letter) and form collection complaint templates (that are similar to Plaintiffs State Action lawsuit) that were not subject to any meaningful review by any attorney, but instead were generated *en masse* by non-attorney employees at Kovitz, using word-processing templates and account data merged into those templates electronically to create finished documents.

**ANSWER:**    Defendant denies the allegations in paragraph 68.

69.    The State Action is a form collection complaint template that Kovitz used for hundreds and thousands of its forcible entry and detainer lawsuits it filed in the state of Illinois.

**ANSWER:**    Defendant admits that the forcible-entry-and-detainer complaint includes a

template.  Defendant denies any remaining allegations in paragraph 69.

> 70.    Section 1692e provides:
>
> A debt collector may not use any false, deceptive, or misleading representation or
> means in connection with the collection of any debt. Without limiting the general
> application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (2) The false representation of-
>
>> (A)    the character, amount, or legal status of any debt; or
>> (B)    any services rendered or compensation which may be lawfully
>> received by any debt collector for the collection of a debt . . .
>
> (3) The false representation or implication that any individual is an attorney or
> that any communication is from an attorney.
>
> (10) The use of any false representation or deceptive means to collect or attempt
> to collect any debt or to obtain information concerning a consumer . . .

15 U.S.C. §§1692e(2), (3), and (10).

**ANSWER:**    Defendant admits that paragraph 70 quotes from section 1692e of the Fair

Debt Collection Practices Act.  Defendant denies any remaining allegations in paragraph 70.

> 71.    Section 1692f provides:
>
> A debt collector may not use unfair or unconscionable means to collect or attempt
> to collect any debt. Without limiting the general application of the foregoing, the
> following conduct is a violation of this section:
>
> * * *

15 U.S.C. §1692f(1).

**ANSWER:**    Defendant admits that paragraph 71 quotes from section 1692f of the Fair

Debt Collection Practices Act.  Defendant denies any remaining allegations in paragraph 71.

> 72.    Section 1692h provides:
>
> If any consumer owes multiple debts and makes any single payment to any debt
> collector with respect to such debts, such debt collector may not apply such

payment to any debt which is disputed by the consumer and, where applicable, shall apply such payment in accordance with the consumer's directions.

15 U.S.C. §1692h.

**ANSWER:** Defendant admits that paragraph 72 quotes from section 1692h of the Fair

Debt Collection Practices Act. Defendant denies any remaining allegations in paragraph 72.

73. In the State Action, Kovitz alleged in paragraph 7 in part as follows:

7. Despite Plaintiff's demand upon defendants, defendants have failed and refused and continue to fail and refuse to pay to plaintiff the aforementioned amounts [itemized in paragraph 6].. . .

(*See* Exhibit 7 para. 7)

**ANSWER:** Defendant admits the quoted language appears in paragraph 7 of the

forcible-entry-and-detainer complaint. Defendant denies any remaining allegations in paragraph

73.

74. In the State Action, Kovitz alleged in paragraph 9 as follows:

9. Plaintiff has credited any and all payments received from defendants to the unpaid balance of defendants' account in accordance with Section 9-106.1 of the Illinois Code of Civil Procedure, 735 ILCS 5/9-106.1.

(*Id*. para. 9)

**ANSWER:** Defendant admits the quoted language appears in paragraph 9 of the

forcible-entry-and-detainer complaint. Defendant denies any remaining allegations in paragraph

74.

75. In the State Action, Kovitz alleged in paragraph 10 as follows:

10. There is due to plaintiff from defendants, after deducting all payments made to date by said defendants, the sum of $1,390.28, plus costs, interest and attorney's fees.

(*Id*. para. 10).

**ANSWER:** Defendant admits the quoted language appears in paragraph 10 of the forcible-entry-and-detainer complaint. Defendant denies any remaining allegations in paragraph 75.

76. These form allegations in paragraphs 7, 9, and 10 in the State Action were misleading and false, designed to mislead and conceal the state court the fact that it was Kovitz's own unilateral decision to reject Plaintiff's payments, not her refusal to pay, thus giving a false impression that Plaintiff has refused to pay.

**ANSWER:** Defendant denies the allegations in paragraph 76.

77. The allegations in paragraphs 7, 9, and 10, among other allegations in the State Action, were boiler-plate or form allegations that Kovitz's non-attorney employees uniformly generated using word-processing templates for all of its collection lawsuits, without regard of individual facts of the particular case.

**ANSWER:** Defendant denies the allegations in paragraph 77.

78. Kovitz has a standard collection practice, in which its non-attorney employees unilaterally and uniformly rejected payments from consumer debtors like Plaintiff so as to allow it to pile up fees upon fees to enrich itself.

**ANSWER:** Defendant denies the allegations in paragraph 78.

79. Kovitz's unilateral refusal to accept Plaintiff's payments in January, 2017 and again in March, 2017 violated §§1692h and 1692f of the FDCPA.

**ANSWER:** Defendant denies the allegations in paragraph 79.

80. Based on the above allegations, Kovitz violated the general prohibition against unfair or unconscionable debt collection practices under §§1692e, 1692e(2), (3), and (10), 1692f and 1692f(1), and 1692h of the FDCPA.

**ANSWER:** Defendant denies the allegations in paragraph 80.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in Defendant's favor and against Plaintiff, and award Defendant its costs and such other relief as this Court deems proper.

## COUNT III

81. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 56 as if fully set forth in this paragraph.

**ANSWER:**     Defendant restates its answers to those paragraphs.

82.     Count III is brought on an individual basis.

**ANSWER:**     Defendant admits that Plaintiff has filed a lawsuit, and that Plaintiff does

not seek class certification under Count III.  Defendant denies any remaining allegations in

paragraph 82.

83.     Section 1692c(2) provides that:

> Without the prior consent of the consumer given directly to the debt collector or
> the express permission of a court of competent jurisdiction, a debt collector may
> not communicate with a consumer in connection with the collection of any debt—
>
> (2) If the debt collector knows the consumer is represented by an attorney with
> respect to such debt and has knowledge of, or can readily ascertain, such
> attorney's name and address, unless the attorney fails to respond within a
> reasonable period of time to a communication from the debt collector or unless
> the attorney consents to direct communication with the consumer.

15 U.S.C. §1692c(2).

**ANSWER:**     Defendant admits that paragraph 83 quotes from section 1692c of the Fair

Debt Collection Practices Act.  Defendant denies any remaining allegations in paragraph 83.

84.     On or about March 8, 2017, Kovitz had no prior permission or consent from
Plaintiff or her attorney when it communicated by e-mail directly to Plaintiff, in violation of
§1692c(2).

**ANSWER:**     Defendant denies the allegations in paragraph 84.

85.     On or about March 8, 2017, Kovitz had no prior permission or consent from
Plaintiff or her attorney when it communicated by letter directly to Plaintiff, in violation of
§1692c(2).

**ANSWER:**     Defendant denies the allegations in paragraph 85.

86.     Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or
> means in connection with the collection of any debt. Without limiting the general
> application of the foregoing, the following conduct is a violation of this section:
>
> * * *

(2) The false representation of—

    (A)    the character, amount, or legal status of any debt; or
    (B)    any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt . . .

(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer . . .

15 U.S.C. §§1692e(2) and (10).

    **ANSWER:**    Defendant admits that paragraph 86 quotes from section 1692e of the Fair

Debt Collection Practices Act. Defendant denies any remaining allegations in paragraph 86.

    87.    Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

15 U.S.C. §1692f(1).

    **ANSWER:**    Defendant admits that paragraph 87 quotes from section 1692f of the Fair

Debt Collection Practices Act. Defendant denies any remaining allegations in paragraph 87.

    88.    In its Collection Letter, Kovitz attempted to collect an amount, including charges that were not permitted or authorized by the CICAA, 735 ILCS 160/1-30(h) or contract, in violation of §§1692f and 1692f(1) of the FDCPA.

    **ANSWER:**    Defendant denies the allegations in paragraph 88.

    89.    Section 3-603 of the Uniform Commercial Code provides:

§ 3-603. Tender of Payment.

(a) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.

(b) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.

(c) If tender of payment of an amount due on an instrument is made to a person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If presentment is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument.

U.C.C. §3-603.

**ANSWER:** Defendant admits that paragraph 89 quotes from section 3-603 of the

Uniform Commercial Code. Defendant denies any remaining allegations in paragraph 89.

90. Similarly, section 3-603 of the Illinois Uniform Commercial Code has a substantially similar, if not identical, provision that states:

Sec. 3-603. Tender of payment.

(a) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument, the effect of tender is governed by principles of law applicable to tender of payment under a simple contract.

(b) If tender of payment of an obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender, of the obligation of an indorser or accommodation party having a right of recourse with respect to the obligation to which the tender relates.

(c) If tender of payment of an amount due on an instrument is made to the person entitled to enforce the instrument, the obligation of the obligor to pay interest after the due date on the amount tendered is discharged. If presentment is required with respect to an instrument and the obligor is able and ready to pay on the due date at every place of payment stated in the instrument, the obligor is deemed to have made tender of payment on the due date to the person entitled to enforce the instrument. (Source: P.A. 87-582.)

810 ILCS 5/3-603.

**ANSWER:** Defendant denies the Illinois Uniform Commercial Code applies in this

case. Defendant denies any remaining allegations in paragraph 90.

24

91. Section 1692h provides:

> If any consumer owes multiple debts and makes any single payment to any debt collector with respect to such debts, such debt collector may not apply such payment to any debt which is disputed by the consumer and, where applicable, shall apply such payment in accordance with the consumer's directions.

15 U.S.C. §1692h.

**ANSWER:** Defendant admits that paragraph 91 quotes from section 1692h of the Fair Debt Collection Practices Act. Defendant denies any remaining allegations in paragraph 91.

92. The Collection Letter states:

> If you want to resolve this matter without a lawsuit, you must, by March 3, 2017, either pay $543.52, or call Adam Bailey at (847) 537-0983 or e-mail Adam Bailey at akb@ksnlaw.com and work out arrangements for payment. If you do neither of these things, we will be entitled to file a lawsuit against you for the collection of this debt, and possession of the premises under Article IX of the Illinois Code of Civil Procedure, 735 ILCS 5/9-102, 9-104.1 after March 3, 2017.

*See* Exhibit 1.

**ANSWER:** Defendant admits that paragraph 92 quotes from the notice Defendant sent to Plaintiff. Defendant denies that paragraph 92 accurately quotes from that notice. Defendant denies any remaining allegations in paragraph 92.

93. Prior to Kovitz filing the State Action, Plaintiff and her counsel contacted Kovitz with respect to the alleged debt demanded in the Collection Letter.

**ANSWER:** Defendant admits that, before Defendant filed the forcible-entry-and-detainer lawsuit, Plaintiff contacted Defendant regarding the debt. Defendant denies the remaining allegations in paragraph 93.

94. Kovitz's standard policy and collection practices, in which its non-attorney employees unilaterally and uniformly rejected payments from consumer debtors like Plaintiff and quickly filed forcible lawsuits, were designed to maximize fees by piling up fees upon fees to enrich itself.

**ANSWER:** Defendant denies the allegations in paragraph 94.

25

95.     Kovitz's unilateral refusal to accept Plaintiff's payments in January, 2017 and again in March, 2017, violated UCC § 3-603 and 810 ILCS 5/3-603, and collection of amount it was not entitled by law or contract violated §§1692h, 1692e, and 1692f of the FDCPA.

**ANSWER:**     Defendant denies the allegations in paragraph 95.

96.     Based on the above allegations, Kovitz violated the general prohibition against unfair or unconscionable debt collection practices under §§1692e, 1692e(2), and (10), 1692f and 1692f(1), and 1692h of the FDCPA.

**ANSWER:**     Defendant denies the allegations in paragraph 96.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in

Defendant's favor and against Plaintiff, and award Defendant its costs and such other relief as

this Court deems proper.

**Dated:**  June 12, 2017                    **Respectfully submitted,**

                                       **KOVITZ SHIFRIN NESBIT**, a
                                       Professional Corporation,
                                       Defendant


                                       By: /s/ Jonathan N. Ledsky
                                       _____
                                           One of Its attorneys


Jonathan N. Ledsky (Jonathan.Ledsky@huschblackwell.com)
Scott J. Helfand (Scott.Helfand@huschblackwell.com)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606-3913
(312) 655-1500

## <u>CERTIFICATE OF SERVICE</u>

I, Jonathan N. Ledsky, an attorney, hereby certify that a true and correct copy of the

foregoing, **Defendant's Answer to Plaintiff's Class Action Complaint**, was served

electronically upon counsel of record:

Kenneth M. DucDuong
kducduong@kmdlex.com

by the filing of said document through the Court's electronic filing system this 12th day of June

2017.

/s/ Jonathan N. Ledsky
