**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WENDY CHACON, individually and on behalf of all others similarly situated,<br>    Plaintiff,<br> v.<br><br>KOVITZ SHIFRIN NESBIT, a professional corporation,<br>    Defendant. | Case No. 1:17-CV-2766<br><br>Judge Robert M. Dow Jr. |

### MOTION TO DISMISS OR STRIKE KOVITZ SHIFRIN NESBIT, P.C.'S ANSWER TO COMPLAINT

Plaintiff, Wendy Chacon, moves this Honorable Court for an order dismissing or striking certain Defendant Kovitz Shifrin Nesbit, P.C.'s ("Kovitz") certain answer to Plaintiff's complaint. Not only Kovitz's boiler-plate answer were nonresponsive, they are frivolous in violation of the dictate and spirit of Rules 8, 10, and 11 of the Federal Rules of Civil Procedure and 28 U.S.C. §1927. In support, Plaintiff states as follows.

1. Because an answer is a "pleading" under the Federal Rules, *United States v. Jallali*, 478 F. App'x 578, 581 (11th Cir. 2012), the generally applicable rules of pleading apply. Like other pleadings, an answer must conform to a certain style and include a Rule 11 certification of good faith. The answer must also satisfy certain pleading requirements generally set forth in Rules 8 and 9. An answer may be amended at the court's discretion.

2. Rule 10 governs the "form of pleadings." Fed R. Civ. P. 10. The Rule seeks to provide a standardized and "easy mode" of pleadings, to facilitate notice to an opposing party, judicial review of the sufficiency of the pleadings, and efficient case management. *See*, e.g., *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011).

1

3.      Rule 8(b) of the Federal Rules of Civil Procedure requires a party to state "short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). "A denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). "A party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). However, a party must comply with Rule 11 and cannot simply create dispute of a material fact simply to avoid judgment on the pleading and without first performing due diligence and investigation to ensure each defense and answer was asserted in good faith for the purpose of narrowing down the issue by obtaining from the other side an admission of those material facts about which there can be no dispute.

4.      Rule 11(b) states that the required signature is a certification that, among other things, "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" and "the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b)(2), (4). The purpose of answer – denial or admission – to an allegation in a complaint is to allow the parties and the court to narrow down the issues of dispute of actual material facts so as to avoid unnecessary and excessive litigation costs and expenses that a party may incur associated with motion practice and discovery and prevent potential abuse by a party taking a position not in good faith or not sounded in law or fact. *See Maty v. Grasselli Chem. Co.*, 303 U.S. 197, 200 (1938) ("Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants."); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) ("One objective of

Rule 8 is to decide cases fairly on their merits, not to debate finer points of pleading where opponents have fair notice of the claims of defenses.") (citing Fed. R. Civ. P. 8(e)).

5.  Here, on April 12, 2017, Chacon filed her initial class action complaint against Kovitz for violations of various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. in connection with Kovitz's attempt to collect a consumer debt – Chacon's homeowner's assessments.

6.  After Chacon agreed to an extension of time, Kovitz filed its answer on June 12, 2017. Kovitz did not assert any affirmative defenses in its Answer. (*See* Def.'s Answer, Dkt. 11). However, Kovitz's answer contains numerous denials and answer that were not consistent with its obligation under Rules 11 and 8 and other rules. (*Id*., ¶¶3, 6, 7, 8, 10, 16, 20, 25, 37, 39, 44, 45, 48, 49, 50, 59, 60, 61, 66, 69, 70, 71, 72, 73, 74, 75, 82, 83, 86, 87, 89, 90, 91, 92, and 93).

7.  First, Kovitz answered Plaintiff's allegations by repeatedly inserting a boiler-plate phrase "Defendant denies any remaining allegations in paragraph [    ]". (*Id*. ¶¶3, 6, 7, 8, 20, 37, 39, 44, 47, 48, 49, 50, 59, 60, 61, 66, 69, 70, 71, 72, 73, 74, 75, 82, 83, 86, 87, 89, 90, 91, 92, and 93). The boiler-plate phrase in these answers serves no particular purpose except unnecessarily increasing litigation expenses and costs upon Chacon and the Court when there were no further "remaining allegations" to deny in each of these allegations. The boiler plate phrase "Defendant denies any remaining allegations in paragraph [    ]" in these answers should be stricken.

8.  Second, in answering Chacon's allegations in paragraphs 11, 12, and 13 of her Complaint, Kovitz repeated the phrase "Defendant admits that, in addition to providing other legal services, Defendant collects delinquent debts owed to homeowner's

3

associations." Rule 8(b)(2) requires an answer to be responsive to the substance of the allegation. Fed. R. Civ. P. 8(b)(2). Kovitz's canned answer is non responsive to Chacon's allegations and must be stricken.

9. Of course, if these are the only problems of Kovitz's answer, Plaintiff would not have filed this motion. Rather, Kovitz's answer is more serious when it denies factual allegations of a material fact knowing it has no reasonable factual or legal basis for its denial. First, in answering Chacon's ¶6, Kovitz admits that the alleged debt it was attempting to collect from Chacon arose from her homeowner's assessment, but denied the consumer debt under §1692a(5) of the FDCPA. The Seventh Circuit in *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477 (7th Cir. 1997) has held that assessment fee owed to the association is a debt for purposes of the FDCPA. *Newman*, 119 F.3d at 478. Kovitz's denial that Chacon's alleged debt was not a consumer has no legal basis. Its answer should be stricken and the allegation deemed admitted.

10. Next, in answering Chacon's ¶16, Kovitz provided a non-responsive answer stating that "Marquette's Landing Homeowners Association declined to accept partial payment from Plaintiff." The Association was Kovitz's client during this period. Exhibit 1-3 attached to Chacon's Complaint unambiguously indicates that it was Kovitz that instructed the Association to reject and return Chacon's payments. To the extent that Kovitz's denial is an attempt to shift liability to the Association that it has provided legal advice and to the extent that discovery shows otherwise, Kovitz non-responsive answer and denial is frivolous and sanctionable under Rule 11.

11. Worse, in answering Chacon's ¶46, Kovitz denies that it ever received Chacon's March 3, 2017 (Exhibit 1-4). Yet, Kovitz admits that it *did* receive Chacon's

4

$186.62 check and did return the check directly to Chacon. (*See* Def.'s Answer, Dkt. 11, ¶¶48 and 49). Exhibit 1-4 indicates that Chacon's $186.62 check was enclosed in the letter. Thus, either Kovitz received March 3, 2017 letter along with the check, or it did not receive the letter *and* the check. Kovitz cannot have it both ways. Its denial to ¶46 is logically irreconcilable with its admission to ¶¶48 and 49. It is frivolous under Rule 11.

12. "Rule 11 sanctions must be imposed against a defendant because they frivolously denied factual allegations in a Plaintiff's Complaint, even though the allegations were true and Defendants either knew that they were true or would have known that they were true after conducting a reasonable inquiry." *Williams v. R.W. Cannon, Inc.*, 2008 U.S. Dist. LEXIS 82916 (S.D. Fla. Sept. 24, 2008).

13. Kovitz's factual denials are frivolous because there was no evidence to support them and in fact Kovitz was aware that they were untrue. All of the information necessary to decide whether to admit or deny the allegations in question was either known to Kovitz or immediately available to it. *See* Fed. R. Civ. P. 11(b)(4). Even assuming, *arguendo*, that it was necessary to conduct any investigation to conclude that its denials were frivolous, even the most cursory investigation would have made it clear to Kovitz that its denials were frivolous.

14. "The objective component [of Rule 11] is that a paper filed in the best of faith, by a lawyer convinced of the justice of his client's cause, is sanctionable if counsel neglected to make 'reasonable inquiry' beforehand." *Mars Steel Corp. v. Continental Bank N.A.*, 880 F.2d 928, 932 (7th Cir. 1989).

15. Although Chacon is not seeking sanctions against Kovitz and its counsel under Rule 11 or pursuant to 28 U.S.C. §1927 at this time and this motion serves as a notice

5

of Kovitz's litigation conduct, she requests that the Court dismiss or strike Kovitz's answer (Dkt. 11) in its entirety or in the alternative require Kovitz to amend its answer in compliance with the Rules.

16. To the extent that Kovitz agrees with any or all of the arguments made in this Motion, Plaintiff requests that Kovitz voluntarily withdraw those denials or defenses which have no basis in law or fact in this action to obviate unnecessary motion practice.

WHEREFORE, Plaintiff Wendy Chacon respectfully requests this Honorable Court grant her Motion and any other and further relief this Court deems just and proper.

Respectfully Submitted,

*s/Kenneth M. DucDuong*

Kenneth M. DucDuong

*Counsel for Plaintiff*:

Kenneth M. DucDuong
KMD LAW OFFICE, LTD.
4001 West Devon Avenue, Suite 332
Chicago, IL 60646
Telephone: 312.997.5959
E-Mail: kducduong@kmdlex.com