IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WENDY CHACON, on behalf of herself and all other similar situated, | )<br>)<br>) |
| Plaintiff, | ) No. 17-CV-2766<br>)<br>) Judge Robert M. Dow, Jr. |
| v. | )<br>) Magistrate Judge M. David Weisman |
| KOVITZ SHIFRIN NESBIT, an Illinois Professional Corporation, | )<br>)<br>) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS OR STRIKE
DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint against Defendant, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Specifically, Plaintiff alleges that, after she incurred a debt to a homeowners' association that she owns property in, Defendant acted improperly in trying to collect that debt for the association. In its answer to Plaintiff's complaint, Defendant admits some allegations, denies some allegations, and states that it lacks knowledge or information sufficient to form a belief about the truth of some allegations.

Plaintiff moves to strike Defendant's responses to many of Plaintiff's allegations. To support this motion, Plaintiff makes four arguments. First, Plaintiff complains that Defendant has yet to admit allegations relating to undeveloped facts that are uniquely within Plaintiff's possession. Second, Plaintiff argues that, although she says her factual allegations are true, Defendant has yet to admit them. Third, Plaintiff argues that, in addition to responding to the allegations in each paragraph of Plaintiff's complaint, Defendant sometimes elaborated on its response and included protective language denying potential latent allegations. Fourth, Plaintiff

argues that not only should many of Defendant's responses be stricken, but these responses violate Rule 11.

None of these arguments is persuasive. First, as the Seventh Circuit has made clear, motions to strike are not vehicles for addressing defenses that rely on undeveloped facts. And this is particularly so where, as here, Plaintiff—not Defendant—knows whether those facts exist. Second, as courts and commentators have repeatedly stated, motions to strike are not vehicles for addressing factual disputes. Third, as courts have found, motions to strike are inappropriate where, in addition to responding to the allegations in a paragraph of the complaint, the defendant simply places the allegations in context, or includes protective denials that in no way prejudice the plaintiff. Fourth, and most egregiously, before launching her baseless Rule 11 attack, Plaintiff did not notify Defendant that she believes Defendant's answer is deficient. This is a blatant violation of Rule 11's safe-harbor provision.

Plaintiff's motion should be denied.

## Argument

**A. Because a motion to strike is not the proper method for addressing undeveloped facts that (if they exist) are within Plaintiff's knowledge, this Court should reject Plaintiff's idea that Defendant must admit such alleged facts from the get-go.**

As the Seventh Circuit has succinctly stated, a Rule 12(f) motion to strike "is not a good fit for resolving issues…[that] turn on facts yet to be developed." *Atkins v. Pickard*, 298 F. App'x 512, 513 (7th Cir. 2008) (reversing grant of motion to strike defense that turned on undeveloped facts). Here, in her motion to strike, Plaintiff argues that, in paragraph six of Defendant's answer, Defendant improperly denies that Plaintiff's debt is a consumer "debt" subject to the FDCPA. *See* Pl.'s Motion to Strike, ¶ 9. But there are three serious problems with Plaintiff's argument. Plaintiff's argument (1) ignores the factual requirements for establishing that an

2

obligation is a debt for FDCPA purposes; (2) mischaracterizes Defendant's response; and (3) misapplies precedent.

First, to qualify as a consumer "debt" under the FDCPA, a debt must involve an obligation "to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are *primarily for personal, family, or household purposes*." 15 U.S.C. § 1692a(5) (emphasis added). Here, Defendant does not know why Plaintiff purchased the property in the homeowners' association. For example, Plaintiff could have intended to rent that property out. Under such circumstances, a debt relating to that property might not relate to a transaction "primarily for personal, family, or household use." *See id*. So the debt might not be a consumer debt under the FDCPA. *See Beeks v. ALS Lien Servs.*, Case No. 12-2411, 2014 WL 7785745, * 6 (C.D. Ca. Feb. 18, 2014) (finding that there was a question of fact about whether a homeowners' association debt was subject to the FDCPA where the plaintiff resided in the property at one point and rented the property out at another).

Second, Plaintiff does not accurately describe Defendant's actual response. Defendant did not state that it denies the debt is a consumer debt. Rather, Defendant stated that it lacks knowledge or information sufficient to form a belief about the truth of whether the debt is a consumer debt. *See* Def.'s Answer, ¶ 6. Rule 8 of the Federal Rules of Civil Procedure expressly provides that a "party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state." FED. R. CIV. P. 8(b)(5).

Of course, the lack-of-knowledge statement "has the effect of a denial." *See id*. Yet such a statement is completely proper where, as here, the defendant lacks the knowledge or information necessary to know whether the allegation is true. How is Defendant supposed to know why Plaintiff bought the property at issue? Depending on her reasons for doing so, her

3

debt might be a consumer debt or it might not be. *See* 15 U.S.C. § 1692a(5). Plaintiff lambastes Defendant for not admitting to knowing the facts necessary to answer this question. At this early point of the case, however, these facts are entirely within Plaintiff's knowledge. Nevertheless, Plaintiff insists that Defendant must admit these undeveloped, alleged facts. Put simply, that is not the way it works.

Third, in an attempt to get around the gaping holes in her argument, Plaintiff states that "[t]he Seventh Circuit in *Newman v. Boehm, Pearlstein & Bright, Ltd.*, 119 F.3d 477 (7th Cir. 1997) has held that [an] assessment fee owed to the association is a debt for purposes of the FDCPA." *See* Pl.'s Motion to Strike. ¶ 9. Fair enough. But *Newman* did not state that an assessment is a debt for FDCPA purposes, regardless of whether the assessment relates to a transaction "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5). *Newman* did not even consider that issue. Rather, in *Newman*, the Seventh Circuit simply found that—even though an assessment does not involve a traditional "credit" transaction—an assessment *may* qualify as a debt for FDCPA purposes. *See* 119 F.3d at 482. As courts have recognized, unless an assessment or any other obligation involves primarily "personal, family, or household use," the debt is not a debt under the FDCPA. *See Beeks*, 2014 WL 7785745, at *6 (discussing *Newman*).

To summarize so far, in moving to strike Defendant's response to paragraph 6 of Plaintiff's complaint, Plaintiff misunderstands the scope of the term "debt" under the FDCPA, mischaracterizes Defendant's response, and relies on undeveloped facts that are uniquely within her possession. Plaintiff's argument should be rejected.

**B. Because a motion to strike is not the proper method for resolving factual disputes, Plaintiff's insistence that her factual allegations are true is not a proper basis for striking Defendant's answer.**

As courts in the Seventh Circuit have stressed, a "motion to strike under Rule 12(f) is not a mechanism for deciding disputed issues of law or fact." *Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 494 (N.D. Ill. 2011). Indeed, courts both inside and outside of the Seventh Circuit have repeatedly found insufficient a plaintiff's argument that, because the plaintiff's allegations are true, the defendant's answer should be stricken. *See, e.g., Riemer*, 275 F.R.D. at 494; *Shield Technologies Corp. v. Paradign Positioning, LLC*, Case No. 11-6183, 2012 WL 4120440, *9 (N.D. Ill. Sept. 19, 2012) (rejecting the plaintiff's argument that, because the plaintiff said the defendant's defense was factually baseless, the court should grant the plaintiff's motion to strike); *Boernert v. Alpine Mountain Corp.*, Case No. 06-362, 2007 WL 2844273, *2 (M.D. Pa. Sept. 26, 2007) (denying motion to strike where the "parties clearly dispute whether plaintiff is entitled to compensation…, whatever plaintiff claims in his pleadings").

Here, Plaintiff disregards this authority. Specifically, in moving to strike, Plaintiff focuses on two issues of disputed fact.

First, Plaintiff attacks Defendant's denial of Plaintiff's allegation that she "promptly attempted to pay [her] allegedly delinquent assessment and late charges, but those payments were returned to her at [Defendant's] instructions." *See* Pl.'s Compl., ¶ 16. In response to that allegation, Defendant admits that the homeowners' association—*i.e.*, Defendant's client—chose not to accept partial payments from Plaintiff. *See* Def.'s Answer, ¶ 16. Defendant denies the remaining allegations in paragraph 16 (*e.g.*, that Plaintiff "promptly" attempted to pay what she owed). *See id.*

5

In moving to strike Defendant's response, Plaintiff argues that, in violation of Federal Rule of Civil Procedure 8(b), Defendant has failed to "fairly respond" to Plaintiff's allegations. *See* Pl.'s Motion to Strike, ¶ 10. Further, Plaintiff argues that, to the extent Defendant is attempting to shift liability to the association (*i.e.*, Defendant's client), there is no basis for doing so.

Plaintiff's argument is flawed on three levels. On the first level, Plaintiff's argument shows a basic lack of understanding about how the attorney-client relationship works. Here, by offering to pay less than what was demanded, Plaintiff essentially proposed a settlement. And the client—not the lawyer—decides whether to accept a settlement. *See* ILL. RULES OF PROFESSIONAL CONDUCT 1.2(a).[1] On the second level, to support her argument, Plaintiff points to a letter attached as an exhibit to her complaint. *See* Pl.'s Compl., Doc. No. 1-3. In that letter, the property management company for the homeowners' association states that it is returning Plaintiff's partial payment. *See id*. In addition, the property management company states that, "[s]ince [Plaintiff's] account is in collection, the association's attorney [*i.e.*, Defendant] requested that [Plaintiff's check] be returned to [Plaintiff]." *See id*. But this letter does not specify *why* Defendant requested that the check be returned, let alone who made the final decision to return the check. On the third level, Plaintiff's suggestion that Defendant is trying to shift liability to its client has no basis in Defendant's answer. For one thing, Defendant denies anyone is liable to Plaintiff. For another thing, Defendant has merely denied Plaintiff's compound factual suggestion that she made full payment, and Defendant made the decision not to accept that payment. *See* Def.'s Resp., ¶ 16.

---

[1] Defendant is not getting into what Defendant told its client or what Defendant's client told Defendant. And Defendant objects to any effort by Plaintiff to explore such attorney-client communications.

To try to avoid this problem, Plaintiff cites a couple of cases for the proposition that the "purpose of an answer—denial or admission—to an allegation in a complaint is to allow the parties and the court to narrow down the issues of dispute of actual material facts so as to avoid unnecessary and excessive litigation costs and expenses that a party may incur associated with motion practice and discovery and prevent potential abuse by a party taking a position not in good faith or not sound[] in law." See Pl.'s Motion to Strike, ¶ 4 (*citing Maty v. Grasselli Chem. Co.*, 303 U.S. 197, 200 (1938); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010)). But neither of these cases helps Plaintiff here. Neither of these cases suggests that, to properly respond to a plaintiff's complaint, a defendant must admit the plaintiff's factual allegations. And, indeed, just the opposite is true. *See, e.g.*, *Riemer*, 275 F.R.D. at 494; 5AA Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1380.

Second, in her motion to strike, Plaintiff focuses on her claim that, in violation of the FDCPA, Defendant communicated directly with Plaintiff, even though Defendant knew Plaintiff was represented by counsel. See Pl.'s Compl., ¶¶ 45-48, 83-85. To support her allegation that Defendant knew she was represented by counsel, Plaintiff asserts that Plaintiff's counsel sent a check to Defendant, along with a letter from Plaintiff's counsel indicating that he represented Plaintiff. *See id.*, ¶¶ 45-48. Plaintiff attaches as an exhibit to her complaint the purported letter from her counsel. *See id.*, Doc. No. 1-4. In its answer, Defendant admits that it received the check. *See* Def.'s Answer, ¶ 47. But Defendant denies that it received the letter. *See id*.

Plaintiff moves to strike Defendant's denial. In so doing, Plaintiff argues that the letter attached to her complaint "indicates that [Plaintiff's check] was enclosed in the letter." *See* Pl.'s Motion to Strike, ¶ 11. Plaintiff argues that "either [Defendant] received the…letter along with the check, or [Defendant] did not receive the letter *and* the check." *Id.* (emphasis in original).

That is to say, Plaintiff argues that, because Defendant admits having received the check, Defendant must also have the letter that Plaintiff alleges she sent along with the check. *See id.* Indeed, Plaintiff insists that "even the most cursory investigation" would have revealed that Defendant has the letter. *See id.*, ¶ 13.

How does Plaintiff know? Although Plaintiff alleges that the check was sent with the letter from her counsel, alleging it does not make it so. But let's assume that Plaintiff in fact sent the letter. Okay. That does not mean that Defendant either (a) knows it received the letter and is flat-out lying about it or (b) failed to properly investigate whether it received the letter. Plaintiff has no idea how hard Defendant looked for the alleged letter before denying this allegation. The receipt of the letter is a factual dispute. So under a long line of case law and commentary, Plaintiff's argument should be rejected. *See, e.g.*, *Riemer*, 275 F.R.D. at 494; 5AA Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1380.

In sum, Plaintiff argues that—because she insists her allegations are true—Defendant's failure to admit those allegations is improper. That argument is inconsistent with settled authority and common sense. So this Court should reject Plaintiff's motion to strike Defendant's responses to paragraphs 16, and 45-48.

### C. Because Defendant's elaboration and denials are completely appropriate, Plaintiff's attack on these statements should be rejected.

Rule 8(b) of the Federal Rules of Civil Procedure states that, in answering a complaint, a defendant "must fairly respond to the substance of the allegation[s]." FED R. CIV. P. 8(b)(2). As courts in the Seventh Circuit have recognized, this rule does not preclude a defendant from "elaborating" on its responses. *See Meaden v. Meaden*, Case No. 12-3524, 2012 WL 6019233, *2 (N.D. Ill. Nov. 30, 2012). Indeed, where the plaintiff cannot possibly identify any prejudice

resulting from the "elaboration," courts have succinctly stated that a "motion to strike defendant's answer is a waste of the court's and counsel's time." *Id.*

Nevertheless, Plaintiff makes two arguments on this front.

First, Plaintiff points out that, in paragraphs 11 to 14 of Plaintiff's complaint, Plaintiff alleges that Defendant was engaged in the collection of debts. *See* Pl.'s Compl., ¶¶ 11-14. Plaintiff notes that, in response to these allegations, Defendant admits that, "in addition to providing other legal services, Defendant collects delinquent debts." *See* Def.'s Answer, ¶¶ 11-14. Plaintiff argues that, in violation of Rule 8(b), this "canned answer" fails to respond to the substance of Plaintiff's allegations. *See* Pl.'s Motion to Strike, ¶ 8.

This argument is puzzling. Apparently, though, Plaintiff takes issue with Defendant's including in its response the statement that, in addition to collecting debts, Defendant provides other legal services. This elaboration is entirely appropriate, though. *See Meaden*, 2012 WL 6019233, at *2. In providing this elaboration, Defendant did nothing to prejudice Plaintiff. On the contrary, Defendant simply ensured that its answer accurately reflected the broad scope of Defendant's legal practice. Plaintiff does not even try to explain how this elaboration prejudiced Plaintiff. Nor would such an explanation be plausible. Plaintiff's argument should be rejected.[2]

Second, Plaintiff argues that in numerous paragraphs Defendant improperly includes a statement that Defendant denies any remaining allegations in the paragraph. *See* Pl.'s Motion to Strike, ¶ 7. Plaintiff asserts—without explanation—that this "boiler-plate phrase…serves no particular purpose except unnecessarily increasing litigation expenses and costs upon [Plaintiff]

---

[2] In addition to citing Rule 8, Plaintiff cites Rule 10. Specifically, Plaintiff states that "Rule 10 governs the form of pleadings." *See* Pl.'s Motion to Strike, ¶ 2 (*citing Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (applying Rule 10)). Yet Plaintiff does not explain what relevance Rule 10 has to her motion to strike. Nor could she. Rule 10 requires, among other things, that pleadings contain captions and separately numbered paragraphs. Plaintiff does not argue—and cannot argue—that Defendant's answer failed to comply with Rule 10.

and the court when there are no further 'remaining allegations' to deny in each of these allegations." *See id.*

Plaintiff's argument is unpersuasive on three levels.

On the first level, it is false. In several of the cited paragraphs, there clearly are additional allegations to deny. In paragraphs 11 to 13, for example, Plaintiff alleges that Defendant engages in a "parasitic" "collection scheme," that Defendant forces its clients to "cede control" of delinquent accounts to Defendant, and that Defendant "gouges" debtors with improper fees. *See* Pl.'s Compl., ¶¶ 11-13. Defendant denies those allegations.

On the second level, Plaintiff's argument is unpersuasive, because it gets the pleading rule exactly backwards. Rule 8 unequivocally states that any "allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." FED. R. CIV. P. 8(b)(6). Thus, when necessary, it is entirely appropriate for Defendant to make clear that, if Plaintiff meant to include any additional allegations that Defendant did not specifically address, Defendant denies them.

Take paragraph 20 of Plaintiff's complaint. In that paragraph, Plaintiff—after a string of paragraphs full of conclusory and baseless assertions that Defendant is trying to collect illegal fees—states: "It is a basic principle that a creditor or debt collector cannot demand payment of penalties or fees from a debtor without a legal basis—whether under contract or statute—for doing so." *See* Pl.'s Compl., ¶ 20. In its answer, Defendant admits that a creditor or debt collector cannot try to collect illegal penalties or fees. *See* Def.'s Answer, ¶ 20. And Defendant adds that it is denying any remaining allegations in the paragraph. *See id.* Given the pleading rule and Plaintiff's accusations, such protective denials are totally appropriate.

On the third level, Plaintiff's argument is unpersuasive, because it fails completely to suggest how the inclusion of the "deny the remaining allegations" language prejudiced Plaintiff. *See Meaden*, 2012 WL 6019233, at *2. Quite to the contrary, Plaintiff insists that she knows that there were no other allegations to deny. And, for its part, Defendant cautiously included this language along with the rest of Defendant's response to these allegations. As one court put it in rejecting an argument similar to the one Plaintiff makes here, "Defendant used such language not out of a desire to avoid responding to those allegations, but to ensure that no unintended inferences could be drawn from admitting or denying [the] language" in those paragraphs." *Blackwell v. Am. Airlines, Inc.*, Case No. 98-6856, 2003 WL 732574, *3 (N.D. Ill. Mar. 3, 2003).[3]

Plaintiff's motion to strike should be denied.

### D. Plaintiff's Rule 11 discussion is substantively and procedurally improper.

Plaintiff's motion to strike contains an entirely inappropriate discussion of Rule 11. The Seventh Circuit has long stressed that, Rule 11 "is a tool that must be used with utmost care and caution." *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Servs., Inc.*, 9 F.3d 1263, 1269 (7th Cir. 1993) (affirming district court's denial of sanctions motion). Here, Defendant vehemently disagrees that its responses are improper. But even if Defendant's responses were improper, Plaintiff's discussion of Rule 11 would be inappropriate. Plaintiff's discussion of Rule

---

[3] Indeed, Defendant's response here arguably is even more proper than the defendant's response in *Blackwell*. There, the defendant included language – namely, that a document "speaks for itself"—that some courts in this District have found problematic. *See Controlled Env't Sys. v. Sun Process Co.*, 173 F.R.D. 509, 510 (N.D. Ill. 1997) (finding that the defendant "impermissibly decline[d] to answer on the ground that each of two documents…'speaks for itself,'" and stating that "[t]his Court has been attempting to listen to such written materials for years (in the forlorn hope that one will indeed give voice)—but until some such writing does break its silence, this Court will continue to" find such language unacceptable). Here, by contrast, Defendant simply provided detail about the scope of its legal practice, and made sure it was not admitting any latent allegations.

11

11 completely ignores Rule 11's safe-harbor provision and the reasons for such provisions. Put another way, Plaintiff's discussion of Rule 11 is an ugly, transparent, and completely improper attempt to dirty Defendant and its counsel before this Court.

With regard to Rule 11's safe harbor, a Rule 11 "motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." FED. R. CIV. P. 11(c). As the Advisory Committee has explained, "[t]o stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the [rule] provides that the 'safe harbor' period begins to run only upon service of the motion." *Id.*, advisory committee's note.

Here, before filing the motion to strike, Plaintiff did not serve a Rule 11 motion on Defendant. Nor, before presenting the Rule 11 issue to the Court, did Plaintiff comply with Rule 11's 21-day safe harbor. Nevertheless, in her motion to strike, Plaintiff repeatedly accuses Defendant of violating Rule 11. *See* Pl.'s Motion to Strike, ¶ 6 (Defendant's "answer contains numerous denials and answer[s] that were not consistent with its obligation under Rule 11"); ¶10 (Defendant's "non-responsive answer and denial is frivolous and sanctionable under Rule 11"); ¶11 (Defendant's response "is frivolous under Rule 11"); ¶ 13 (*citing* Rule 11, and stating that Defendant's "factual denials are frivolous because there was no evidence to support them and in fact [Defendant] was aware they were untrue"). Because Plaintiff has failed to comply with Rule 11's safe-harbor provision, Plaintiff's discussion of Rule 11 is improper.[4]

---

[4] Plaintiff cites three cases to support her Rule 11 argument. None does, though. First, in *U.S. v. Jallali*, 478 Fed. Appx. 578 (11th Cir. 2012), the court does not even mention Rule 11, let alone discuss compliance with that Rule. Second, in *Mars Steel Corporation v. Continental Bank, N.A.*, 880 F.2d 928 (7th Cir. 1989), the plaintiff filed a pleading without performing a basic investigation into the basis for that pleading. Here, as already discussed, Defendant has a solid basis for the responses that Plaintiff challenges. Third, in *Williams v. R.W. Cannon, Inc.*, Case No. 08-60168, 2008 WL 4372894 (S.D. Fla.

Of course, Plaintiff herself implicitly acknowledges this safe-harbor provision. After repeatedly accusing Defendant of violating Rule 11, Plaintiff states that she "is not seeking sanctions against Defendant and its counsel under Rule 11 and 28 U.S.C. § 1927 at this time," and "this motion serves as notice of [Defendant's] litigation conduct." *See* Pl.'s Motion to Strike, ¶ 15. Plaintiff then "requests that [Defendant] voluntarily withdraw [the challenged] denials or defenses which have no basis in law or fact in this action to obviate unnecessary motion practice." *See id.*, ¶ 16. In other words, although Plaintiff has filed a motion repeatedly accusing Defendant of violating Rule 11, Plaintiff says that she is merely "giving notice" under Rule 11. Plaintiff has fallen well short of complying with Rule 11's safe-harbor provision. And well short of acknowledging the seriousness of Rule 11. *See Kemper Fin. Servs., Inc.*, 9 F.3d at 1269. Plaintiff wants to use Rule 11 as a bludgeon, but does not want to comply with Rule 11's requirements.

This is not the first time Plaintiff's counsel has pulled this move. In a previous litigation involving Plaintiff's counsel and Defendant, Plaintiff's counsel filed a similarly baseless motion to strike. *See McCarter v. Kovitz Shifrin Nesbit*, Case No. 13-03909, Doc No. 143 (Def's Resp. to Plaintiff's Motion to Strike). As Plaintiff's counsel has done here, he included in that motion a totally improper discussion of Rule 11. *See id.*, pp. 2-4. In addition, as in the present case, Plaintiff's counsel claimed he was merely "giving notice" of the alleged Rule 11 problem. *See id*. In the previous case, the parties settled, and the court did not address the motion to strike. Apparently, having gotten away with this conduct before, Plaintiff's counsel is at it again. This Court should put a stop to it.

---

Sept. 24, 2008), the defendants denied obvious facts within the defendant's knowledge—including that the plaintiff had worked for the defendants, and that defendant Robert W. Cannon was the director of defendant R.W. Cannon Incorporated. Here, by contrast, Defendant said it lacked knowledge about Plaintiff's intent in buying the property in connection with which she incurred her debt to Defendant's client.

13

**Conclusion**

As courts have repeatedly stated, motions to strike are not favored, because, although they can be a useful tool for cutting out prejudicial or otherwise improper material, they are not an appropriate way to deal with undeveloped facts or factual disputes, and they often unnecessarily waste time and resources. This is a case in point. This case has just begun. If Plaintiff is going to file motions like the present one at every turn, the Court is going to have to waste a huge amount of its limited judicial resources. And the parties are going to have to waste a ton of time and money. Thus, for the reasons stated, Defendant respectfully requests that this Court deny Plaintiff's motion to strike, and grant any additional relief the Court deems appropriate.

**Dated:** July 10, 2017  **Respectfully submitted,**

**KOVITZ SHIFRIN NESBIT**, a
Professional Corporation,
Defendant


By: /s/ Jonathan N. Ledsky
 One of Its attorneys

Jonathan N. Ledsky (Jonathan.Ledsky@huschblackwell.com)
Scott J. Helfand (Scott.Helfand@huschblackwell.com)
HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606-3913
(312) 655-1500

## **CERTIFICATE OF SERVICE**

I, Jonathan N. Ledsky, an attorney, hereby certify that a true and correct copy of the foregoing, **Defendant's Response to Plaintiff's Motion to Dismiss or Strike Defendant's Response to Plaintiff's Complaint**, was served electronically upon counsel of record:

Kenneth M. DucDuong
kducduong@kmdlex.com

by the filing of said document through the Court's electronic filing system this 10th day of July 2017.

/s/ Jonathan N. Ledsky