IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WENDY CHACON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-cv-2766 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| KOVITZ SHIFRIN NESBIT, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Wendy Chacon ("Plaintiff"), on behalf of a proposed class, brings suit against Defendant Kovitz Shifrin Nesbit ("Defendant") for violations of various provisions of the Fair Debt Collection Practices Act ("FDCPA"). Currently before the Court is Plaintiff's motion [14] to strike certain material from Defendant's answer to the complaint. For the following reasons, Plaintiff's motion [14] is denied.

## STATEMENT

Defendant filed its answer to Plaintiff's complaint on June 12, 2017. See [11]. Plaintiff moves to strike portions of the answer pursuant to Rule 12(f) on the basis that the answer "contains numerous denials and answer[s] that were not consistent with [Defendant's] obligation under Rules 11 and 8 and other rules." [14] at 3.

Rule 12(f) authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally disfavored as they typically delay litigation." *LoggerHead Tools, LLC v. Sears Holding Corporation*, 19 F. Supp. 3d 775, 785 (N.D. Ill. 2013). "A motion to strike should not be granted unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial." *Volling v. Antioch Rescue Squad*, 999 F. Supp. 2d 991, 1007 (N.D. Ill. 2013) (internal quotation marks and citation omitted).

The Court will not strike any portion of Defendant's answer because Plaintiff has not demonstrated that the challenged responses are "redundant, immaterial, impertinent, or scandalous," Fed. R. Civ. P. 12(f), or that they have "no possible relation to the controversy" or are "clearly prejudicial" to Plaintiff, *Volling*, 999 F. Supp. 2d at 1007.

First, Plaintiff faults Defendant for "repeatedly inserting a boilerplate phrase 'Defendant denies any remaining allegations in paragraph'" in its answer. [14] at 3. Plaintiff argues that this phrase "serves no particular purpose except unnecessarily increasing litigation expenses and costs upon Chacon and the Court when there were no further 'remaining allegations' to deny in

each of these allegations." *Id*. However, the inclusion of this boilerplate language does not harm Plaintiff or the Court and is "appropriate for Defendant to make clear that, if Plaintiff meant to include any additional allegations that Defendant did not specifically address, Defendant denies them." [17] at 10. It would be a waste of the Court's time to go through each paragraph of the complaint and answer and decide if Defendant's inclusion of the boilerplate language was necessary.

Second, Plaintiff argues that the Court should strike Defendant's allegations in paragraphs 11, 12, and 13 of its answer for using the phrase "Defendant admits that, in addition to providing other legal services, Defendant collects delinquent debts owed to homeowner's associations," because these allegations are not "responsive to the substance of the allegation." [14] at 3-4. Plaintiff does not show how the inclusion of this language has caused it any prejudice or that the allegations are "so unrelated to plaintiff's claim as to be devoid of merit" or "unworthy of consideration." *Meaden v. Meaden*, 2012 WL 6019233, *2 (N.D. Ill. Nov. 30, 2012) (internal quotation marks and citation omitted).

Third, Plaintiff argues that Defendant's answer to paragraph 6, denying that the debt Defendant was collecting was a consumer debt under § 1692a(5) of the FDCPA, should be stricken because it "has no legal basis" and is inconsistent with Seventh Circuit precedent. [14] at 4. This is not a ground for striking a pleading under Rule 12(f), which applies to pleadings that are "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Further, Plaintiff mischaracterizes Defendant's answer to paragraph 6; Defendant did not deny paragraph 6, but instead stated that it lacked knowledge or information sufficient to form a belief about the truth of whether the debt is a consumer debt. See [11] at 2. Defendant explains that it cannot admit that the debt is consumer debt, because it does not know whether the debt was incurred "primarily for personal, family, or household purposes," as allegedly required by the FDCPA. [17] at 3 (quoting 15 U.S.C. § 1692a(5)).

Fourth, Plaintiff argues that Defendant's answer to paragraph 16, stating that "Marquette's Landing Homeowners Association declined to accept partial payment from Plaintiff," improperly "attempt[s] to shift liability to the Association that it has provided legal advice and to the extent that discovery shows otherwise," Defendant's answer is non-responsive, "frivolous," and "sanctionable." [14] at 4. The Court will not strike Defendant's answer to paragraph 16, because a motion to strike "is not a good fit for resolving issues . . . [that] turn on facts yet to be developed." *Atkins v. Pickard*, 298 F. App'x 512, 513 (7th Cir. 2008).

Fifth, Plaintiff argues that Defendant's answer to paragraph 46 is "frivolous" because it denies that Defendant received Plaintiff's March 3, 2017 letter, even though Defendant admits elsewhere in its answer to receiving and returning a check that Plaintiff allegedly enclosed with the letter. [14] at 5. The Court cannot and will not resolve this factual dispute on a motion to strike; that is not the purpose of Rule 12(f).

## **CONCLUSION**

For these reasons, the Court denies Plaintiff's motion to strike [14].

.

Dated: December 14, 2017 _____

Robert M. Dow, Jr.
United States District Judge